HEBER STONE ET AL. V. GREEN HILL.

No. 2620.

1. **Construction of Statutes—Intention.**—In construing a statute the intention of the Legislature is to be considered, and where that intention is evident though not consistent with the letter of the law, and where a literal construction is calculated to make confusion and to work irreparable wrong, the intention should govern.

2. **Justice Courts—Statute Construed.**—An act to amend article 1547 of Revised Statutes, approved February 17, 1881 (Laws Seventeenth Leg., p. 10), providing that "justices of the peace shall hold their courts at their respective offices at such times as may be prescribed by the Commissioners Court of the county," was evidently intended merely to confer power upon the Commissioners Court to change the times for holding the Justice Courts held at the county seats so that the evil given as the reason of the act could be removed.

3. **Same.**—Said act did not have the effect of suspending Justice Courts until the county commissioners should fix their days for sitting.

APPEAL from Washington. Tried below before Hon. I. B. McFarland.

The opinion states the case.

*J. T. Swearingen,* for appellants.—The last Monday in each month having been appointed by the Legislature for the terms of the Justice Courts at the county seat, continued to be the prescribed time for terms of said courts until otherwise provided by law. The judgment rendered by said courts on the last Monday in each month was valid until a different time was prescribed by the Commissioners Court. Const., art. 5, sec. 19; Rev. Stats., art. 1546.

*O. L. Eddins,* for appellee.—Revised Statutes, article 1547, provided that the Justice Courts sitting at the county seat should be held on the last Monday in each month. On the seventeenth day of February, 1881, the Legislature amended this article of the statutes and provided that the Justice Courts should be held at such times as the Commissioners Courts of the several counties should prescribe. Laws reg. sess. 17th Leg., p. 10.

This amendment repealed by implication article 1547 of Revised Statutes and was a complete substitute for said article. Rogers v. Watrous, 8 Texas, 62–65; Stirman v. The State, 21 Texas, 734; Greer v. The State, 22 Texas, 588.

It was not till the twelfth day of November, 1883, that the Commissioners Court fixed a time for holding the Justice Court of precinct No. 3 in Washington County, in which the two judgments against Green Hill were rendered, and from the date of the said amendment till said twelfth day of November, 1883, the justice of the peace was powerless to commence or determine suits in said court. All acts done by said justice during that time were *coram non judice* and void. Doss v. Waggoner, 3 Texas, 515; Roeser v. Bellmer, 7 Texas, 1; 2 Wills. Ct. App. C. C., secs. 356, 289; Freem. on Judg., sec. 117.

Yet in the face of this appellant on the nineteenth day of December, 1881, filed his claim with said justice of the peace, had citation served upon appellee, and on December 27, 1881, had judgment rendered against him. On the twenty-ninth day of October, 1883, said judgment was revived, or attempted to be revived. September 24 appellant caused execution to be issued and levied on appellee's property. Injunction was appellee's only remedy. Cooke v. Burnham, 32 Texas, 129, 130; Chambers v. Hodges, 23 Texas, 110; 2 Wills. Ct. App. C. C., sec. 689; Glass v. Smith, 66 Texas, 549.

On September 29, 1886, appellant by an amendment set up his debt against appellee and asked judgment over against him, which the court refused because the same was barred by limitation, and in this there was no error. 1 W. & W. Ct. App. C. C., sec. 806; Flanagan v. Smith, 21 Texas, 493. The judgments in the Justice Court being void the action of appellant Stone in seizing property under them was in open defiance of law, and the court justly gave judgment against him for his unlawful conduct. Freem. on Judg., sec. 117.

On a motion for rehearing counsel argued: The Act of February 17, 1881, begins by saying "that article 1547 of the Revised Civil Statutes shall be so amended as hereafter to read as follows." It purports upon its face to be an entire substitution of said article 1547, and it expressly provides that it shall be in force and take effect from and after its passage, and such being the case the old law was absolutely and unconditionally repealed by implication and ceased to have any force whatever after the passage of the new act on February 17, 1881. Laws reg. sess. 17th Leg., 10; State v. Wm. W. Andrews, 20 Texas, 230; Rogers v. Watsous, 8 Texas, 65; Bryan v. Lundberg, 5 Texas, 423; Stirman v. State, 21 Texas, 734–6; Tunstall v. Wormley, 54 Texas, 480; Bartlet v. King (12 Mass., 536), 7 Am. Rep. 99; F. & M. Harold v. State, 16 Texas Ct. App., 158; John Robertson v. State, 12 Texas Ct. App., 541; State v. Smith, 44 Texas, 444; Stephen Greer v. State, 22 Texas, 588; Holden

v. State, 1 Texas Ct. App., 239–43; People v. Supervisors (67 N. Y., 109), 23 Am. Rep., 95.

Now, is it possible that article 1547 of Revised Statutes and the Act of February 17, 1881, could coexist and be in force at one and the same time? If not, then when did the former cease to be and when did the latter begin to operate? The Legislature has answered the question by expressly saying that the latter act should be in force and take effect from and after its passage. Laws reg. sess. 17th Leg., p. 10. And it would seem that if the Legislature had intended that this act should not take effect until the Commissioners Court saw fit to be guided by it then words to that effect would have been incorporated in the act itself. But upon examination we find no such words, nor is there any expression contained in the act that could be construed to have such a meaning.

Now, is it possible that a county Commissioners Court, an inferior tribunal, can hold in abeyance and set at defiance a plain, unequivocal, unconditional, and positive act of the Legislature of the State of Texas from February 17, 1881, until November 12, 1883, simply because said court did not see fit to take action under it? Such a holding would certainly elevate said court above the Legislature and vest in it a power that was never contemplated by the Constitution and laws of the State. Such a holding would virtually invest the Commissioners Court with the power of nullifying or vetoing the acts of the Legislature, a power that is both dangerous and against public policy. The authorities *supra* clearly show that article 1547 of Revised Statutes was repealed by Act of February 17, 1881. "Repeal" means to abrogate, to revoke. See Webster's Unabridged Dictionary, p. 1118. And to hold that a justice of the peace can legally act under a statute that has been repealed is adding largely to the scope of liberty already too extensively enjoyed by those individuals.

The judgments of the justice of the peace to enjoin which this suit was brought were absolutely void. Doss v. Waggoner, 3 Texas, 515; Roeser v. Bellmer, 7 Texas, 2; 2 Wills. Ct. App. C. C., secs. 356, 289; Freem. on Judg., sec. 117.

A void judgment may be enjoined. 2 Wills. Ct. App. C. C., sec. 689; Glass v. Smith et al., 66 Texas, 549; Smith v. Deweese, 41 Texas, 595; Cooke v. Burnham, 32 Texas, 129, Chambers v. Hodges, 23 Texas, 105–113; Caruthers v. Hartsfield (3 Yeager, 366), 24 Am. Dec., 580.

GAINES, ASSOCIATE JUSTICE. — At a term of the Justice Court held at Brenham, the county seat of Washington County, on the last Monday in December, 1881, Heber Stone, one of appellants, recovered a judgment against the appellee. By another judgment rendered in the same court at a term held on the last Monday of October, 1883, the first judgment was revived and a chattel mortgage foreclosed, which had been given in 1882 to secure it. In September, 1884, execution was issued

upon the last named judgment and was placed in the hands of appellant Moore as sheriff of the county, who by virtue thereof seized certain property of appellee.  Appellee then brought this suit to enjoin the sale of the property and the enforcement of the execution as well as the issue of any other execution upon the judgment.  A preliminary injunction was granted, which upon final hearing was made perpetual.  From this judgment the defendants appeal.

The ground upon which the injunction was claimed was that the respective terms of the court at which the judgments in the Justice Court were rendered were not authorized by law, and that therefore the judgments were void.  Article 1547 of the Revised Statutes contains this provision:  "The justice or justices residing at the county seats shall hold the regular term of their courts  *  *  *  on the last Monday of each month."  The Seventeenth Legislature passed an act which provided that the article cited should be so amended as to read as follows:  "Article 1547.  Justices of the peace shall hold regular terms of the court at their respective offices at such times as may be prescribed by the Commissioners Courts of the county."  Laws 17th Leg., 10.  This act was passed February 17, 1881, and took effect from its passage.  The Commissioners Court of Washington County did not prescribe the time for holding the Justice Court in Brenham until November 12, 1883.

On behalf of appellee it is contended that article 1547 of the Revised Statutes having been repealed by the act of 1881 there was no authority of law for holding the Justice Court in the Brenham precinct until the Commissioners Court acted.  But we do not think that this position can be maintained.  It is true that a strict and literal construction of the act would support the contention of appellee.  But in construing a statute the intention of the Legislature is to be considered, and when that intention is evident, though not consistent with the letter of the law, and a literal construction is calculated to create confusion and to work irreparable wrong, the intention should govern.  The evil which was sought to be remedied by the act in question is shown by the emergency clause.  It reads as follows:  "There being no adequate law now in force fixing the times of holding the Justices Courts where there are more than one residing at the county seat, and it being impossible for the constable to wait upon the courts holding sessions at the same time, an imperative public necessity exists that this act take effect at once, etc."  Cities only having eight thousand inhabitants or more were entitled to two justices of the peace.  Const., art. 5, sec. 18; Rev. Stat., art. 1534.  There were probably not ten cities of this class in the State at the time the act was passed; therefore it was evidently intended by the act in question merely to confer power upon the Commissioners Court to change the times for holding the Justice Courts at the county seats so that they could remedy the expressed evil by fixing a different day for holding the Justice

Courts in those counties where there were two justices in the same precinct. The law involved no radical change of policy, and in our opinion was never intended absolutely to require the Commissioners Courts to make a change. Where there was no reason for change of the day then fixed by the law it was not likely that all the Commissioners Courts in more than one hundred counties in the State would think to designate the days upon which these courts should be held, and therefore it should not be held that the Legislature intended to declare a law which might result in the closing of numerous tribunals in the State until the Commissioners Courts should be called upon to take action in the premises. It should rather be held that it was intended that the days previously fixed should be deemed designated by the commissioners unless they should see proper to make a change.

The Constitution provides that the justices "shall hold their courts at such times and places as may be provided by law." Const. 1876, art. 5, sec. 19. Article 1546 of the Revised Statutes provided that they should hold one term each month. This remained unrepealed by the act of 1881. We can not believe that by that act the Legislature meant to leave the justices without power to hold their courts until such time as the commissioners should act. It is rather to be presumed that they intended that each justice of the peace holding his office at the county seat should hold his court as then prescribed by law until the Commissioners Court should prescribe a different day for the beginning of their terms.

If a precedent were needed for our ruling it is found in the case of Womack v. Womack, 17 Texas, 1. There an act of the Legislature changing the terms of the District Court was construed contrary to its literal terms, and it was held that though the act prescribed that it should go into effect immediately it did not take effect so as to avoid a term of the court, which under the old law came on within a few days after the passage of the new statute. The principle is that where the intention of the Legislature is manifest, that intention will prevail over the literal terms of the statute.

We think the terms of the Justice Court at which the judgments called in question in this suit were rendered were not without authority of law, and that the judgments are therefore valid.

The judgment here appealed from will therefore be reversed and here rendered for appellant.

*Reversed and rendered.*

Opinion January 25, 1889.