JAKE NOBLES v. THE STATE.

No. 1689. Decided November 17, 1897.

1. **Constitutional Law—Amendment of Statute by Reference to Title—Setting Out Sections Amended.**

Article 3, section 36, of the Constitution provides, that no law shall be amended by reference to its title, but the section amended shall be re-enacted and published at length. Where the title to the act was, "An Act to amend article 22, title 4, of the Revised Civil Statutes of Texas, 1895, so as to extend the terms of the District Court in Fort Bend, Wharton, Brazoria, and Waller counties;" Held, not violative of the Constitution. Article 22, Revised Statutes, is not divided into sections, but in subdivisions, each subdivision providing the terms for the holding of the courts in one of the particular judicial districts of the State, and each district is set out by its number; it evidently being the legislative intention to treat the subdivisions as sections, the same being sufficiently within the meaning of the term "section" as used in the constitutional provision. Moreover, it can be gathered with certainty from the title of the act in question that it was not intended to reenact the entire article 22, Revised Statutes, but only that portion of the same with reference to the twenty-third judicial district, because it singles out the particular counties named in the act which are embraced in the twenty-third judicial district alone.

**2. Same—Construction of Laws.**

The title of an act may be viewed in the light of the whole act to arrive at the legislative intention. And so contemporaneous legislation, upon the same subject, may be looked to.

**3. Same—Where the Legislative Intent Is at All Doubtful.**

Where the language used in a legislative act, with reference to the judicial system, is at all doubtful, such construction will be given to it as is consistent with the Constitution, and which, at the same time, upholds the judicial system rather than that which would destroy said system.

APPEAL from the District Court of Fort Bend. Tried below before Hon. T. S. REESE.

Appeal from a conviction for murder in the second degree; penalty assessed, fifty years imprisonment in the penitentiary.

The indictment charged appellant with the murder of one A. A. Pradd, on the 15th of August, 1897.

There is no statement of facts nor bill of exceptions in the record.

[No briefs for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder in the second degree, and given a term of fifty years in the penitentiary; hence this appeal.

The evidence is not incorporated in the record, and no bills of exception were reserved to any ruling of the court during the trial. We have but one question presented for revision, and that is that this conviction can not be sustained, upon the ground that it was obtained at a term of court which was illegal and void. This contention of appellant is based upon the act of the Twenty-fifth Legislature (page 118) which provides for the time of holding district courts in the Twenty-third Judicial District. Said act makes changes in the law as to the time of holding district court in the various counties of said district. It is further contended that said act was repealed by a subsequent act of said Legislature (page 202), changing the times of holding the district court in the Seventh Judicial District. The basis of this contention is found in sec. 36 of article 3 of the Constitution of the State, which reads as follows: "No law shall be revived or amended by reference to its title, but in such cases the act revived, or the section or sections amended, shall be re-enacted and published at length." The two acts under discussion purport to amend article 22 of the Revised Statutes of 1895. The original article 22 fixes and designates the times of holding court in all the judicial districts in this State, beginning with the first and ending with the last numbered district. By reference to said article, it will be seen that each district is set out therein by its number. For instance, the first subdivision of said article 22 fixes the time for holding court in the various counties composing the First Judicial District; and so of the second, and on to the end of said article. The first amendment to said

article by the Twenty-fifth Legislature was with reference to the First Judicial District, which purports to amend article 22, but fails to recite in the title that section 1 of said article was to be amended, but simply refers to article 22 (Acts 25th Leg., p. 57). The time of holding the courts in the different counties of several of the districts was amended in the same manner by the same Legislature. We believe the act in question is not violative of section 36 of article 3 of the Constitution. The title of the act is as follows: "An act to amend article 22, title 4, of the Revised Civil Statutes of Texas, 1895, so as to extend the terms of the District Court in Fort Bend, Wharton, Brazoria, and Waller counties. * * *" We would also state in this connection that the title of the act to amend the First District is similar in terms to the above. We would also observe that article 22, being the article apportioning the judicial districts, has never been formally sectionized, though each district, from the first to the last, inclusive, is numbered consecutively; and no doubt it was the intention of the Legislature to treat said subdivisions as sections; and in our opinion those numbers of the district in said article 22 are sufficiently within the meaning of the term "section or sections," mentioned in the constitutional provision. If we are correct in this statement, then it follows that if the title to the act in question had read as follows, "An act to amend section 23, article 22, title 4, of the Revised Civil Statutes of Texas, 1895, so as to extend the terms of the District Court in Fort Bend, Wharton, Brazoria, and Waller counties," it would have been in exact accord with the constitutional requirements. Then, the only question presented is found in the fact that said section 23 is not specifically named as such in the title. We are of opinion that we can gather with certainty from the title to this act that it was not the intention of the Legislature to re-enact the entire article 22, but merely to amend that portion of it with reference to the Twenty-third Judicial District, because the language there used can have no other reference than to the particular district in question, for it is entitled "An act to amend article 22, title 4, of the Revised Civil Statutes of Texas, 1895," etc., and singles out, from all of the other districts mentioned in said article, counties in the Twenty-third Judicial District, just as said counties are set out in the original article 22 as being contained in the Twenty-third Judicial District.

It is clear that we can look to the title of this act, when viewed in the light of the whole of article 22, to ascertain the meaning of the Legislature, and when this has been done, the legislative mind and intent admit of no question. But, besides, if there was any difficulty in the construction of said act, we would have recourse to contemporaneous acts of the Legislature on the subject. A number of acts were passed at the same session similar in terms to the one before us, and each of said acts had in view some particular designated judicial district. All these acts, taken together, are in consonance with the idea that it was merely the intention of the Legislature in each of said acts to amend that portion of the act relative to some particular district (or section of said article 22). Any

other construction would overthrow our entire judicial system.  Now, if this matter were at all doubtful, that construction would be adopted which is consistent with the Constitution, and which at the same time upholds our judicial system, rather than that which would destroy said system.  The construction we have adopted will harmonize with the Constitution, and uphold our judicial system, and, moreover, harmonizes with that provision of the Constitution which requires each district judge to hold his court at least twice in each county composing his district in each year.  We hold that the act in question is simply an amendment of that portion of article 22 which relates to the Twenty-third Judicial District, and which we denominate section 23 of said article 22, and that said act is not in violation of section 36 of article 3 of the Constitution. See Stone v. Hill, 72 Texas, 540.

The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.