SCHAFF v. MERCHANT et al.   (No. 2126.)

(Court of Civil Appeals of Texas.  Texarkana.
May 22, 1919.  Rehearing Denied
June 5, 1919.)

1. RAILROADS &#9756;348(1) — COLLISION AT
CROSSING—EVIDENCE.

In an action for death of driver of automobile truck struck by a train at a crossing, evidence *held* sufficient to sustain jury finding of negligence proximately causing the injury.

2. RAILROADS &#9756;348(6) — COLLISION AT
CROSSING—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action for death of driver of automobile truck struck by a train at a crossing, evidence *held* insufficient to show that driver was guilty of contributory negligence.

Willson, C. J., dissenting.

Appeal from District Court, Hunt County;
A. P. Dohoney, Judge.

Action by Odelle Merchant and another against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiffs, and defendant appeals.  Affirmed.

Dinsmore, McMahon & Dinsmore, of Greenville, and Chas. C. Huff, of Dallas, for appellant.

Clark & Sweeton, of Greenville, for appellees.

LEVY, J.  The regular south-bound passenger train of appellant struck and demolished an automobile truck at Combs Crossing, instantly killing the driver, Mr. Charles Merchant, Sr.  The wife and minor son of the deceased sued for damages, alleging that the death was proximately caused by negligent failure on the part of the operatives of the train to blow the whistle and ring the bell for the crossing.  The defendant specially pleaded contributory negligence on the part of deceased.  The case was submitted to the jury on special issues, and they made findings as follows:   (1) That the operatives of the locomotive failed to blow the whistle and ring the bell 80 rods from the crossing and while approaching same;   (2) that the failure to give the signals was the proximate cause of the collision and of the death of Charles Merchant, Sr.;   and (3) that the plaintiffs sustained damages in the amount given in the verdict, which included the value of the automobile truck.   In deference to the verdict of the jury these findings are here adopted.

[1, 2] The assignments of error are based on contentions:  (1) That the evidence does not warrant the jury finding of negligence proximately causing the injury; and (2) that the driver of the automobile truck was guilty

of contributory negligence as a matter of law. The first contention should be overruled, it is thought; and it is believed by a majority of the court that the second contention also should be overruled.

The railroad runs in a southwesterly direction from Greenville.  The Greenville and Caddo public road runs for 600 yards through open country obliquely with and across the railway at Combs Crossing.  The public road is slightly elevated, and the railway track is slightly down grade in approaching the crossing.  The rails of the track at the crossing projected above the ground about 3 inches. Charles Merchant, Sr., was driving an automobile truck loaded with six barrels of gasoline.  The regular south-bound passenger train was running about 50 minutes late and at a speed of about 40 miles an hour.  After the train struck the automobile truck on the crossing it was stopped within about 860 yards.  The evidence was conflicting as to whether there was failure to give the signals at the place and in the manner required by the statute.  The fireman and the engineer, as they testified, did not see the deceased at any time before the automobile truck was actually struck.  The engineer testified:

"On this occasion I did not even know that there was a truck on the road until a barrel knocked down a post.  That was the first intimation I had.  I commenced to stop right now when I saw that.  I put on the full service brakes."

The fireman had been putting coal into the engine up to the moment of the collision.  It was shown that an automobile truck running 5 or 6 miles an hour, as the evidence indicated was about the rate of speed at which deceased was driving towards the crossing, could be stopped within 16 feet if the brakes were in good shape; and there are facts and circumstances in evidence authorizing the conclusion that at the time the deceased entered upon the right of way, 230 feet from the track, the train was about 500 yards from the crossing, and that, situated as the deceased was, he did not know of the approach of the train by reasonable observation, and that at the time deceased saw the train he was practically on the crossing.  A witness testified as follows:

"At the time the engine blew the whistle my opinion is Merchant could not have escaped being struck by the train, as Merchant was almost on the crossing when the train blew the whistle."

And there is evidence authorizing the conclusion that deceased might have passed the crossing without being struck by the train but for the condition of the crossing, which impeded the passage of the automobile truck.

There was no error in giving the charge complained of in the third assignment of error.

---

&#9756;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The twelfth and thirteenth assignments should be overruled, it is concluded, as not warranting a reversal upon the grounds complained of.

Chief Justice WILLSON does not agree to the result of the appeal. He is of the opinion that under the evidence in the record it should be held that the deceased was guilty of contributory negligence as a matter of law.

The judgment is affirmed.

WILLSON, C. J. (dissenting). On special issues submitted to them the jury found that Charles Merchant "looked to see whether or not a train was approaching the crossing before he drove his truck thereon." It appeared from undisputed testimony that the view from the road he was traveling of the railroad track for a distance of at least 600 yards in the direction from which the train approached the crossing was wholly unobstructed. It thus appearing that said Merchant looked for the train, and that there was nothing to prevent him from seeing it, it seems to me the only reasonable inference is that he did see it approaching the crossing before he drove thereon. If he did, I think the inference that he was guilty of negligence in attempting nevertheless to cross the track is not escapable. Schaff v. Combs, 194 S. W. 1159. Therefore I respectfully dissent from the conclusion of the other members of the court that the judgment should be affirmed.