**MISSOURI, K. & T. RY. CO. OF TEXAS v. MERCHANT et al.   (No. 229–3406.)**[*]

(Commission of Appeals of Texas, Section A. June 1, 1921.)

1. **Railroads ⬅348(8)—Driver of auto struck held not conclusively shown to have seen train in time.**

Evidence in action for collision of train with auto truck *held* not to conclusively show that the driver saw the train in time to stop before going on the crossing, and so was guilty of contributory negligence.

2. **Railroads ⬅346(5)—Burden of showing contributory negligence on defendant.**

The law presumes that one killed at a railroad crossing was doing whatever was reasonably necessary for his own safety, so the company sued for his death must prove he was not, to relieve itself of the consequences of its failure to give the crossing signal.

3. **Railroads ⬅348(6)—Jury may consider evidence most favorable to plaintiff.**

On the issue of contributory negligence of deceased, the jury had the right to consider the evidence most favorable for plaintiff from the position of deceased just before and at the moment of the collision, rejecting all evidence most favorable to defendant.

4. **Railroads ⬅350(16)—Failure to look and listen not conclusive of contributory negligence.**

Whether one killed at a railroad crossing was guilty of contributory negligence is an issue of fact under all the circumstances, not foreclosed necessarily by establishing that he did not look or listen.

5. **Trial ⬅240—Charge on ordinary care of deceased held argumentative.**

Charge that "no one is required to anticipate that another will fail to obey the law, and you are therefore charged that in passing on the issue" whether deceased "exercised ordinary care in approaching the crossing, he had the right to expect that defendant's" trainmen would give the required crossing signals, is argumentative.

6. **Appeal and error ⬅1064(1)—Argumentative charge on ordinary care of deceased held prejudicial.**

It is misleading in a crossing accident case, in which there are sharply contested issues of negligence and contributory negligence, relative to whether signals were given and as to whether one of ordinary prudence in the position of deceased would have stopped his truck before going on the crossing, to give the argumentative charge that "no one is required to anticipate that another will fail to obey the law, and you . are therefore charged that in passing on the issue" whether deceased "exercised ordinary care in approaching the crossing, he had the right to expect that defendant's" trainmen would give the required crossing signals; and its effect would not be necessarily counteracted by the fact that the case was submitted on special issues, or that the jury found that deceased looked and listened for the train.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Odelle Merchant and another against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (212 S. W. 970), and defendant brings error. Reversed and remanded for new trial.

Chas. C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for plaintiff in error.

Clark & Sweeton, of Greenville, for defendants in error.

TAYLOR, P. J. Defendants in error, Mrs. Odelle Merchant and her son, Charles Merchant, Jr., brought this suit against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas, plaintiff in error, for damages growing out of the death of Charles Merchant, Sr., husband of one of defendants in error and father of the other. The case was submitted on special issues, and on the responses given judgment was rendered in favor of defendants in error. The Court of Civil Appeals by majority opinion affirmed the judgment. 212 S. W. 970.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied June 23, 1921.

This is an ordinary crossing case in which the collision was between an auto truck driven by Charles Merchant and one of plaintiff in error's passenger trains. · The negligence alleged is that plaintiff in error failed to give the statutory crossing signals and failed to keep a lookout. The defenses pleaded are the general issue and contributory negligence. The averments of contributory negligence are so framed as to charge negligence on the part of Merchant either in failing to stop, look, or listen on approaching the crossing, or, in the event he knew of the approach of the train, in racing with it to clear the crossing first.

The jury found in response to the special issues submitted that Merchant, before driving his truck upon the track, looked and listened for the approach of train; that plaintiff in error failed to give the statutory signals in not blowing the whistle or ringing the bell at least 80 rods from the crossing and while approaching it, and that the failure to give the signals was the proximate cause of Merchant's death; that a man of ordinary prudence, under the circumstances surrounding Merchant at the time he approached the crossing, would not have stopped his car for the purpose of ascertaining whether a train was approaching. On motion of plaintiff in error requesting a modification of the findings made, the Court of Civil Appeals adopted as its own the jury findings.

It is not disputed that the pike road upon which Merchant was driving runs for 600 yards through open country, obliquely with and across the railway at the crossing upon which he met his death; that the road is slightly elevated, and the railway track is a little down grade in approaching the crossing; that the rails of the track at the crossing projected above the ground about 3 inches; that Merchant at the time of the accident was driving an automobile truck loaded with six barrels of gasoline; that the regular south-bound passenger train was running about 50 minutes late at a speed of about 40 miles an hour. With the exception of a small clump of bushes a little nearer the crossing than the whistling post, there was nothing on the ground to obstruct Merchant's view of the track as he approached the crossing.

It appears from the evidence that Merchant, as he drew near the crossing, steered his truck so as to hit the rails at right angles. W. E. Milsap, a truck driver who was on the pike when Merchant was struck, testified that the crossing was rough; that on the south side of the road where the wheel ordinarily travels the rails were from three to five inches high above the ground; that in order to go over the rail it was necessary to slow up and pull to the extreme left of the road and hit it square. C. H. Combs, who witnessed the accident from the gallery of his home near the crossing, testified that he could not say how far deceased was from the railway when he made the turn to, hit the rail square, but that he was "right close to the road"; and, further, "that it (the truck) was going very slow then"; that "just before the train got to the crossing he (Merchant) seemed to release his engine and it peartened up." It is undisputed that the whistle was blown before the crossing was reached. Defendants in error's contention was that it was not blown until too late. Upon this point the testimony conflicts. One of the witnesses testified that "right after the train blew" he heard the crash, and that at about the time he heard the one he heard the other commence. T. J. Freeman, who was across the track from the truck as it approached the crossing, testified that "when it began to blow and I looked at the man and saw him coming with his eyes straight ahead steering for the crossing, I got scared and broke and ran and waved my hand and tried to signal the man in the car to stop." The witness was not definite in his statement as to how far the truck was from the crossing when the blast of the whistle began, but his conclusion was, after stating that he was "somewhat rattled" by the examination, that it must have been between 20 feet and nearer.

There was other testimony not necessary to refer to tending to support the judgment predicated on plaintiff in error's negligence in not giving the crossing signals as required by the statute. The principle question for determination is whether the trial court erred in not peremptorily instructing a verdict for plaintiff in error on the ground that Merchant was guilty of contributory negligence.

[1-3] Plaintiff in error's first contention in respect to the alleged contributory negligence is that inasmuch as Merchant saw the train as he approached the crossing, and nevertheless attempted to cross the track in front of it, he was, as a matter of law, guilty of negligence.

The conclusion that Merchant saw the train within time to have stopped his truck before going upon the crossing is based upon the following facts and findings, viewed by plaintiff in error as undisputed: That as Merchant approached his view of the train was wholly unobstructed for a distance of at least 600 yards before the train reached the crossing; that Merchant was driving five or six miles per hour and could have stopped his truck in a distance of 16 feet; that when Merchant was 230 feet away from the track the train was 1,500 feet from the crossing; that Merchant, in approaching the crossing, looked for the train (the jury having so found); that having looked he necessarily saw it.

Chief Justice Willson, in dissenting from the majority opinion, says:

"It thus appearing that Merchant looked for the train, and that there was nothing to prevent him from seeing it, it seems to me the only reasonable inference is that he did see it approaching the crossing before he drove thereon. If he did, I think the inference that he was guilty of negligence in attempting nevertheless to cross the track is not escapable."

We do not concur in the view expressed in the dissent. The vice in it, in our opinion, is in assuming that Merchant necessarily saw the train when he looked. The jury concluded, evidently, that he did not, and the testimony tends to establish the conclusion. It tends to prove also that Merchant knew nothing of the approach of the train prior to the warning blast of the whistle, and there is some evidence that this blast was not sounded until after the truck was nearer than 20 feet to the crossing.

Merchant's line of approach to the crossing formed an angle of about 45 degrees with the line of the track. The train was running at a rate of speed eight or ten times as fast as that at which Merchant was driving. The train was at his right and back of him. The steering wheel of the truck was on the left side. W. H. Norman testified that the truck had a flat body built up at the side with side boards or slats, and had something like a cab over the seat, that the top of the cab was built out of plank and that the sides were solid and without glass; that the back of the cab had curtains; that when a man was sitting in the seat the body of the truck, as built up, was higher than he was. Back of the seat in the truck were six tanks of gasoline about four feet high. C. H. Combs testified that "from any point along that road, if a man cast his eyes to the right, if he looked far enough around, he could see a train at the top of the hill." The truck was loaded, and under the evidence could not have been stopped within a shorter distance than 16 feet, even at the slow speed at which it was moving. It could be stopped within that distance only in the event the brakes were working well. One of the witnesses testified that when he first saw Merchant he was driving at the rate of about 10 miles per hour. Before reaching the crossing he decreased his speed to about one-half that rate. Just before going upon the crossing he "peartened his engine."

The law presumes that Merchant was in the exercise of due care, and was doing whatever was reasonably necessary for his own safety; and it devolved upon plaintiff in error to prove that he was not, in order to relieve itself of the consequences of failing to give the crossing signals as required by law. Lee v. I. & G. N. Ry. Co., 89 Tex. 583, 36 S. W. 63. The testimony was not, in our opinion, such as to leave no room for ordinary minds to differ as to the conclusion to be drawn from it touching the degree of care used by Merchant. The jury had a right to consider the evidence most favorably for the plaintiff from the position of the deceased just before and at the moment of the collision, rejecting all evidence most favorable to plaintiff in error. Kirksey v. So. Traction Co., 110 Tex. 190, 217 S. W. 139. In view of the circumstances pointed out, we think it does not conclusively appear that the deceased saw the train before it was too late, or that he began racing with it while he was farther than 16 feet from the crossing. We concur in the view of the Court of Civil Appeals, as expressed in the majority opinion, that Merchant at the time he entered upon the right of way, situated as he was, would not necessarily have known of the approach of the train even by reasonable observation. The testimony would warrant abundantly the contrary conclusion, but does not establish it as a matter of law.

[4] Plaintiff in error's second proposition is that Merchant was guilty of negligence as a matter of law, in that the uncontradicted evidence shows that he drove towards a railway crossing with which he was familiar, under conditions permitting him to see the approaching train for a distance of more than 600 yards before reaching the crossing, and drove upon it without looking for a train.

The law presumes that Merchant was doing whatever was reasonably necessary for his own safety. Plaintiff in error did not establish as a matter of law that he did not look for the approaching train or take some precaution for his safety.

But regardless of whether this was established, the single act of whether Merchant looked for the approaching train is not necessarily the test of whether he was guilty of contributory negligence. Whether under all of the circumstances he was negligent was an issue of fact, which would not have been foreclosed necessarily against defendant in error by a finding that Merchant did not do the specific acts of either looking or listening. Addendum to Trochta et al. v. M., K. & T. Ry. Co. of Texas, 218 S. W. 1038.

In our opinion plaintiff in error failed to establish as a matter of law that Merchant was negligent.

[5, 6] Plaintiff in error objected to the giving of the following special charge requested by defendants in error:

"You are instructed that no one is required to anticipate that another will fail to obey the law, and you are therefore charged that in passing on the issue of whether or not deceased, Chas. Merchant, exercised ordinary care in approaching the crossing, he had the right to expect that defendant's employees in charge of the train would give the signals required by law in approaching the crossing."

The objections urged were that the charge is upon the weight of the evidence and argumentative. Clearly, in our opinion, it is argumentative, and, taken in connection with

the special issues submitted, was calculated to mislead the jury.

Defendants in error relied for recovery on a negative finding by the jury in response to the inquiries concerning the crossing signals. Plaintiff in error endeavored to defeat recovery by having the jury find that a man of ordinary prudence, situated as Merchant was, would have stopped his truck before going upon the crossing; also that Merchant neither looked nor listened for the approach of the train. The issues relating to plaintiff in error's negligence and Merchant's contributory negligence were sharply contested. In connection with these issues, the following instruction was given in the main charge:

"It was the duty of Charles Merchant, deceased, in approaching the defendant's crossing on the public road where his death occurred, to exercise ordinary care, or that degree of care which a person of ordinary prudence would have exercised under the same or similar circumstances, to avoid being struck by a train on the defendant's railroad. A failure to exercise such care on his part would be negligence."

The jury was called upon to answer whether a man of ordinary prudence in Merchant's position would have stopped his truck before going on the crossing. The requested charge complained of, in addition to instructing generally that no one is required to anticipate that one will fail to obey the law, instructed them specifically, in effect, that in passing on the issue of whether Merchant exercised ordinary care in approaching the crossing they should take into consideration that he had a right to expect plaintiff in error's employés to give the crossing signals. The requested charge was calculated to cause the jury to excuse Merchant from using that degree of care for his safety, which, in the absence of such a charge, they might have believed did not constitute ordinary care on his part under the circumstances. It was also calculated to suggest that the court believed Merchant did not hear the signals which he had a "right to expect" to be given, and that they were therefore not given.

The jury found that a man of ordinary prudence would not have stopped his truck under the circumstances surrounding Merchant; also that the failure of plaintiff in error to give the signals was the proximate cause of Merchant's death. The fact that the case was submitted on special issues, or that the jury found Merchant looked and listened for the train, would not necessarily counteract the effect of the charge complained of. Regardless of whether it misstates the law, it was calculated, in our opinion, to mislead the jury, and should not have been given. As stated by Judge Gaines in the case of McDonald v. I. & G. N. Ry. Co., 86 Tex. 1, 22 S. W. 939, 40 Am. St. Rep. 803, in commenting on a somewhat similar charge:

"This may have been proper as an argument to the jury, but it was not proper to be given as an instruction by the court."

We recommend that the judgments of the trial court and Court of Civil Appeals be reversed, and that the cause be remanded for another trial.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.