## SCHAFF v. MERCHANT et al.  (No. 2724.)

(Court of Civil Appeals of Texas. Texarkana. April 11, 1923. Rehearing Denied April 26, 1923.)

1. **Appeal and error** ⚖1099(3)—**Holding on former appeal as to contributory negligence held law of case.**

Where, on a former appeal, it was held that it was not established as matter of law that a person killed by railroad train was guilty of contributory negligence, such holding is the law of the case on a subsequent appeal, where the same facts appear.

2. **Statutes** ⚖117(8)—**Amendatory act as to negligence of corporations causing death held not broader than title within constitutional provision.**

Acts 33d Leg. (1913) c. 143, amending Rev. St. 1911, art. 4694 (Vernon's Sayles' Ann. Civ.

St. 1914, art. 4694), under the title "An act to amend article 4694 of the Revised Civil Statutes of 1911, giving cause of action where injuries resulting in death are caused by the negligence of a corporation, its agents or servants, and declaring an emergency," *held* not to violate Const. art. 3, § 35, on the ground that the amendment is broader than the caption of the act, the amendment being intended to extend the liability for wrongful death caused by the agents of the servants of individuals, the title of an act which amends an act being sufficient, where it specially refers to the chapter and the article of the act amended.

**3. Statutes ⬥105(1) — Constitutional provision that subject of act be expressed in title liberally construed.**

A liberal construction will be applied in determining whether or not an act violates Const. art. 3, § 25, requiring that the subject of an act shall be expressed in its title.

Error from District Court, Hunt County; Geo. B. Hall, Judge.

Action by Odelle Merchant and others against C. E. Schaff, receiver. Judgment for plaintiffs, and defendant brings error. Affirmed.

See, also, 212 S. W. 970.

On the morning of August 11, 1917, the regular south-bound passenger train of the railway company struck and demolished an automobile truck at Combs Crossing, instantly killing Mr. Charles Merchant, the driver of the truck. The wife and minor son of deceased sued for damages, alleging that the death was caused by negligent failure on the part of the operatives of the train to blow the whistle and ring the bell for the crossing, and in negligently running at an excessive rate of speed. The defendant specially pleaded contributory negligence on the part of the deceased.

The case was submitted to the jury on special issues on which the jury found that the employees of the railway company failed to give the statutory signals while approaching the crossing, and that such failure upon their part was a proximate cause of the collision and the death of Charles Merchant; that Charles Merchant, before driving his truck upon the crossing in question, looked and listened for an approaching train; that a man of ordinary prudence, under the circumstances surrounding Charles Merchant at the time he approached the crossing, would not have stopped his car for the purpose of ascertaining whether or not a train was approaching; that an ordinarily prudent person in charge of the engine pulling the train could have discovered that Charles Merchant was going to drive on the crossing ahead of the train, in time, by the exercise of ordinary care consistent with the safety of the train, to have slackened the speed of the train and

prevented the accident, and that the failure to do so was a proximate cause of the injury. The jury found, in response to special issues submitted at the instance of the railway company, that a man of ordinary prudence, situated as deceased was at the time he approached the crossing, would have looked and listened for an approaching train, but that a man of ordinary faculties of hearing, situated as the deceased was, by listening would not have heard the train approaching in time to have stopped an automobile before reaching the crossing. In deference to the verdict of the jury, these findings are here adopted.

The main line of the railway runs in a southwesterly direction from Greenville, and crosses the Greenville and Caddo public road about five miles southwest from Greenville. Both the railway and the public road run in a general southwesterly direction from Greenville, and at the crossing in question intersect at an angle of about 49 degrees, the public road at this point running a little south of west. At the crossing the country is a general level prairie, and along the public road approaching the crossing from the direction of Greenville a person can see trains running on the railroad track for some distance, there being nothing to obstruct the view. The public road is slightly elevated, and the railway track is slightly down grade in approaching the crossing. The rails of the track at the crossing projected above the ground about three inches. Charles Merchant was driving an automobile truck loaded with six barrels of gasoline. The regular south-bound passenger train was running about 40 miles an hour and about 50 minutes late. After the train struck the automobile truck on the crossing, it was stopped within about 860 yards. The evidence was conflicting as to whether there was failure to give the signals at the place and in the manner required by the statute. It was shown that an automobile truck running five or six miles an hour, as the evidence indicated was about the rate of speed at which deceased was driving towards the crossing, could be stopped within 16 feet, if the brakes were in good shape; and there are facts and circumstances in evidence authorizing the conclusion that, at the time the deceased entered upon the right of way 230 feet from the track, the train was about 500 yards from the crossing, and that, situated as the deceased was, he did not know of the approach of the train by reasonable observation, and that, at the time deceased saw the train, he was practically on the crossing. And there is evidence authorizing the conclusion that deceased might have passed the crossing without being struck by the train but for the condition of the crossing, which for the moment impeded the passage of the automobile truck.

Chas. C. Huff, of Dallas, and McMahon & Dohoney, of Greenville, for plaintiff in error.

Clark & Sweeton, of Greenville, for defendants in error.

LEVY, J. (after stating the facts as above). One of the propositions upon which the appeal is prosecuted is:

"The jury having found that deceased looked and listened for an approaching train before he drove his truck on the crossing, and the physical facts and undisputed evidence showing that there was nothing to keep him from seeing and hearing the train, he was guilty of contributory negligence as a matter of law, in driving in front of the train; and judgment should have been for the defendant."

[1] It is concluded that the proposition must be overruled, for the same facts appear as in the former appeal, in which it was held that it is not established as a matter of law that Mr. Merchant was guilty of contributory negligence. Schaff v. Merchant (Tex. Civ. App.) 212 S. W. 970; Missouri, K. & T. R. Co. of Texas v. Merchant (Tex. Com. App.) 231 S. W. 327.

The next proposition presented for consideration is as to whether or not a given portion or clause of an amendatory act is broader than or is in excess of the title of the act. In 1913 the Legislature passed an act (Acts of 1913, p. 288), of which the caption and section 1 (as pertinent) read as follows:

"An act to amend article 4694 of the Revised Civil Statutes of 1911, giving cause of action where injuries resulting in death are caused by the negligence of a corporation, its agents or servants, and declaring an emergency.

"Section 1. That article 4694 of the Revised Civil Statutes of 1911 be, and the same is hereby amended so as to hereafter read as follows: * * *

"1st. * * * When the death of any person is caused by the neglect or carelessness of the receiver or receivers, or other person or persons in charge or control of any railroad, or their servants or agents. * * *

"2d. When the death of any person is caused by the wrongful act, neglect, unskillfulness or default of another person or corporation, their agents or servants." Vernon's Sayles' Ann. Civ. St. 1914, art. 4694.

The amendment was intended to extend the liability for wrongful death to cases where wrongful death was caused by the "agents or servants" of individuals. Article 4694 of the Revised Civil Statutes of 1911, mentioned in the amendatory act, provided that—

"An action for actual damages on account of injuries causing the death of any person may be brought in the following cases: 1. * * * When the death of any person is caused by the negligence or carelessness of the receiver or receivers or other person or persons in charge or control of any railroad, their servants or agents," etc.

That article of the Statutes of 1911 did not make individuals liable in damages for a wrongful death caused by "their agents or servants." In respect to the amendment, the receiver here makes the following proposition:

"Chapter 143 of the Acts of the Thirty-Third Legislature, in so far as it attempts to create a liability on the part of receivers of railways for injuries resulting in death, is in violation of section 35 of article 3 of the Constitution of Texas, in that the caption of the said act does not refer to receivers."

[2] It is believed the contention of the receiver should be overruled. The constitutional requirement mentioned is to the effect that the title must agree with the act by expressing its subject. It is provided that the "subject" of the act "shall be expressed in its title," but the mode or form in which the title of enactments shall be expressed is not stated. As the section is construed by the courts in this state, the title of an act which amends an act is sufficient, where it specially refers to the chapter and article of the act amended. English & Scottish American Investment & Mortgage Co. v. Hardy, 93 Tex. 289, 55 S. W. 169; Nobles v. State, 38 Tex. Cr. R. 330, 42 S. W. 978. Hence the title of the amendatory act in question is within the constitutional provision, since the title specially mentions the precise article of the statutes proposed to be amended. It is not claimed that the body of the act did in fact exclude or fail to include "receivers, their agents or servants" as a class responsible for the wrongful death of another. And the fact that the title further refers to "a corporation, its agents or servants," does not it is thought, have the effect of confining or restricting the act to the provisions relating alone to "a corporation, its agents or servants." The language of the clause, "giving cause of action," etc., is intended as descriptive of "article 4694," and not as a restriction upon the subject-matter of the act or any matter contained in the amendatory act. As stated in the Hardy Case, supra:

"The effect of the reference to the article to be amended is not restricted by the other language of the title to the act in question. Such other language is, as far as it goes, properly descriptive of the subject of the amended, as well as of the amendatory act. It simply does not cover the whole of the subject; but the reference to the number of the article to be amended does include, as the subject of the amendatory act, the whole subject embraced by the provisions of the former. It is that article which the title proposes to amend, and not merely such parts of it as relate to the creation of corporations."

[3] It is believed that the ordinary legislator would reasonably so read the title as expressing the purpose and subject of the act to re-enact the whole of article 4694. The clause

could only be held as operating to limit the subject-matter of article 4694 by giving the clause a narrow technical construction, which is contrary to the rule. The rule is that a liberal construction will be applied in determining whether or not an act violates the section of the Constitution here involved. Morris v. Gussett, 62 Tex. 741; City of Austin v. McCall, 95 Tex. 565, 68 S. W. 791. Further, it is also held in this state that the rule of construction "that the expression of one thing excludes another" does not have application to the title of an act. Doeppenschmidt v. Ry. Co., 100 Tex. 534, 101 S. W. 1080.

In the case of Rodgers v. Tobias (Tex. Civ. App.) 225 S. W. 804, the court ruled and properly so, that the title to this act of 1913 did not embrace the new legislation undertaken to make liable in damages "another person, their agents or servants," for the wrongful death of a person. The point in that case, however, is not the same as in the instant one. As applied to the instant case there was no proposed new legislation regarding "receivers," and the amendment contains all of the original act of 1911. It is believed that the title is valid so far as the question of "receivers," here involved, is concerned.

The judgment is affirmed.