**MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS v. THOMASON.   (No. 6999.)** *

(Court of Civil Appeals of Texas. Austin. Jan. 27, 1926. Rehearing Denied Feb. 24, 1926.)

**1. Appeal and error ⬅110—No appeal lies from order of new trial following court's setting aside jury's findings (Rev. St. 1911, art. 2078, as amended by Acts 39th Leg. [1925] c. 18 [Rev. St. 1925, art. 2249]).**

Where jury found on special issues and on motion for judgment by both parties court set aside findings and ordered new trial, appeal from such order would be dismissed, Rev. St. 1911, art. 2078, as amended by Acts 39th Leg. (1925) c. 18 (Rev. St. 1925, art. 2249), providing for appeal only from order granting motion for new trial, whereas order was in effect to declare a mistrial.

**2. Appeal and error ⬅110—Statute authorizing appeal from order granting motion for new trial strictly construed (Rev. St. 1911, art. 2078, as amended by Acts 39th Leg. [1925] c. 18 [Rev. St. 1925, art. 2249]).**

Rev. St. 1911, art. 2078, as amended by Acts 39th Leg. (1925) c. 18 (Rev. St. 1925, art. 2249), by providing for appeal from order granting motion for new trial, being in nature of specific and express exception to general rule, will be strictly construed regardless of whether it was intended to be remedial.

**3. Statutes ⬅206.**

In construing statute courts will give effect to every clause and word, presuming each was intentionally used.

On Motion for Rehearing.

**4. Statutes ⬅251—Emergency clauses are added to set forth reason for suspension of rule requiring reading on three separate days and to put bill in immediate effect.**

Emergency clauses on legislative bills are not added to clarify or declare intention of Legislature, nor to explain expressed language of act, but to set forth reason for suspension of constitutional rule requiring it to be read on three separate days and for putting it into immediate effect.

**5. Appeal and error ⬅2.**

Statutes relating to methods of procedure in perfecting appeals are construed liberally.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused April 14, 1926.

Appeal from District Court, Bastrop County; J. B. Price, Judge. ·

Action by Mrs. Stella Thomason, administratrix of L. P. Thomason, deceased, for herself and minor children, against the Missouri-Kansas-Texas Railroad Company of Texas. From an order setting aside the findings of the jury and ordering a new trial, defendant appeals. Appeal dismissed.

Staples & Harris, of Smithville, Maynard & Maynard, of Bastrop, and Harris & Harris, of Austin, for appellees.

BAUGH, J. Mrs. Stella Thomason, administratrix, for herself and her minor children, sued the appellant for damages for the death of the husband and father, which occurred near the station of Hillendahl, Harris county, in January, 1924. From the pleadings it appears that the deceased, L. P. Thomason, was engineer on north-bound train No. 26, on January 8, 1924, when it collided with south-bound train No. 23 on said date, resulting in his death. As such engineer it appears that at that time he was in possession of the following order:

"Order 61 No. 26, Engine 351 wait at Hillendahl until 9 p. m., for No. 23, engine 278. Complete at 8:12 p. m. Operator Jones."

This order was commonly designated as a "wait" order. The railroad company defended on the ground that Thomason had disobeyed said order and had run past said station. of Hillendahl, thus causing the collision which killed him. The case was submitted to a jury upon the following special issues:

"(1) Did the collision between the north-bound train No. 26 and the south-bound train No. 23 occur after 9 o'clock p. m., according to the time then in use by the defendant in the operation of its trains? You will answer 'yes' or 'no.'" Answer: "Yes."

"(2) Did the north-bound train No. 26 pass the north switch at Hillendahl before 9 o'clock p. m. according to the time then in use by the defendant in the operation of its trains? You will answer 'yes' or 'no.'" Answer: "Yes."

"(3) What amount of money, if paid now, would reasonably compensate Mrs. Stella Thomason for the death of her husband, L. P. Thomason? You will ,answer, stating the amount in dollars and cents, if any." Answer: $15,000.00."

Upon the return of these findings, each party to the suit filed a motion for a judgment. After hearing said motions, the trial court concluded that he could not render a valid judgment for either party, overruled both motions, set aside the findings of the jury, and ordered a new trial.

[1] From that order this appeal has been prosecuted. Appellees have filed a motion to dismiss the appeal for want of jurisdiction of this court, on the ground that such attempted appeal does not come within the pro-

visions of chapter 18, p. 45, Acts of the 39th Legislature, 1925, amending article 2078, Revised Statutes 1911; article 2249, Revised Statutes 1925.

We have concluded that appellees' motion should be granted, and the appeal dismissed. The Court of Civil Appeals of the Tenth Supreme Judicial District has recently had this identical question before it in Lee Cortimeglia et al. v. Mrs. Zula B. Herron, 281 S. W. 305, in which a similar appeal was dismissed. In passing upon this question that court had the following to say:

"In most jurisdictions, where provision is made for submission of special issues to the jury in lieu of a general charge, it is permissible and proper after a jury returns their special findings, for both sides to present motions for judgment on the findings of the jury, and after said motions have been acted upon by the court and judgment rendered, then for the losing party to present his motion for a new trial. Such is the practice in this state. 29 Cyc. 726; A. T. & S. F. Ry. Co. v. Holland, 49 P. 71 [58 Kan. 317]; Davis v. Turner, 68 N. E. 819, [69 Ohio St. 101]. A motion for judgment on special findings and a motion for new trial are altogether different as to their contents and as to the relief sought. The one seeks a judgment, the other a new trial. There is also a marked difference between a court granting a motion for a new trial and declaring a mistrial. 27 Cyc. p. 809. The former contemplates that a case has been tried, a judgment rendered and on motion therefor said judgment set aside and a new trial granted. The latter results where, before a trial is completed and judgment rendered, the trial court concludes there is some error or irregularity that prevents a proper judgment being rendered, in which event he may declare a mistrial. The statute involved here provides for an appeal from an order granting a motion for a new trial, and evidently contemplates the rendition of a judgment, the filing of a motion by the losing party for a new trial and the granting of said motion by the court. No judgment was rendered here, no motion for new trial filed and no motion for new trial granted, and in fact, no new trial was granted, but the court entered a mistrial because, as he concluded, he could not enter a valid judgment. We do not think this is such an order as will under said statute support an appeal to this court. Appellee's motion to dismiss appellants' appeal is' hereby sustained and the appeal dismissed."

Article 2078, Revised Statutes 1911, prior to its amendment, read as follows:

"An appeal or writ of error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in, civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases of which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars, exclusive of interest and costs."

The Legislature, however, in its amendment added as a proviso the following:

"* * * And provided further that an appeal may be taken to the Court of Civil Appeals from every order of any district or county court in civil cases granting motions for new trials in any of the above mentioned cases and such appeal shall be taken within the same time and in the same manner as if the judgment was final."

[2] As the article originally read, no appeals were authorized except from final judgments. The proviso is in the nature of a specific and express exception to that general rule. It has long been the rule of the courts to construe such provisos strictly. In Roberts v. Yarboro & Wimberly, 41 Tex. 449, Judge Gould quotes with approval the rule laid down by Judge Story in United States v. Dickson, 15 Pet. 165 (10 L. Ed. 689), as follows:

"When the enacting clause is general in its language and objects, and a proviso is afterward introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fully within its terms."

See, also, Collins v. Warren, 63 Tex. 311; and McCuistion v. Fenet (Tex. Civ. App.) 144 S. W. 1155.

[3] It is the universal rule in the interpretation of statutes to limit them to the purpose and intention of the Legislature, "giving effect, if possible, to every clause and word and avoiding any construction which implies that the Legislature was ignorant of the meaning of the language employed." M., K. & T. Ry. Co. of Tex. v. Mahaffey, 150 S. W. 881, 105 Tex. 394.

The following rule is also stated in G., C. & S. F. Ry. Co. v. Blum Independent School District (Tex. Civ. App.) 143 S. W. 353: "Every word in the statute is presumed to have been intentionally used."

We have, therefore, given a strict construction to the language of the amendment, same being a proviso to the general statute authorizing an appeal only from a final judgment. That being true, we conclude that the Legislature intentionally used the language authorizing an appeal only from orders "granting motions for new trials." No motion for new trial was made by either party in the case at bar, nor was any final judgment ever entered. The effect of the trial court's order was to declare that there was a mistrial, just as in the Cortimeglia Case, supra. Not having brought this appeal within the express provisions of the statute under which it seeks to appeal, and which must be given a strict construction in the light of the language used, we have concluded that the motion to dismiss the appeal should be granted, and it is so ordered.

Motion granted.

### On Motion for Rehearing.

Appellant's motion for rehearing largely repeats the arguments and authorities presented in its written argument filed in reply to appellees' motion to dismiss. We read carefully all the authorities therein cited before announcing our opinion. We have been unable to find any other than the two cases cited by appellant. Morris v. Morris, 60 Mo. App. 86, and Eades v. Trowbridge, 76 P. 714, 143 Cal. 25, wherein the trial court had of his own motion granted a new trial. Neither of these is, however, parallel to the case at bar. The Missouri statute, under which the Morris Case was decided, authorized an appeal from "any order granting a new trial, or in arrest of judgment, etc." See Ess v. Griffith, 30 S. W. 345, 128 Mo. 50, 3 C. J. 507, note 60, for statute. That statute is obviously broader in its scope than the Texas statute.

Under the California statute, governing Eades v. Trowbridge, the trial court was expressly authorized to vacate the jury's verdict and grant a new trial on his own motion, under certain circumstances therein stated; and an appeal was authorized from "an order granting or refusing a new trial." In neither of these statutes was the term "motion for a new trial" used. And in none of the statutes of other states authorizing appeals from orders other than final judgments have we found such limitation as that contained in our statute.

Appellant earnestly insists, however, that the amendment in question is remedial in its nature, as evidenced by the emergency clause, and that it should be given a liberal construction, citing 2 R. C. L. pp. 29, 46, 100; 3 C. J. 505; Shelton v. Wade, 4 Tex. 148, 58 Am. Dec. 722; Stone v. Hill, 10 S. W. 665, 72 Tex. 540; Anderson v. Neighbors, 59 S. W. 543, 94 Tex. 236. The emergency clause of the amending act reads as follows:

"The fact that injustice is done in numerous cases by the erroneous granting of new trials creates an emergency, etc."

[4] Emergency clauses on bills, however, are not added for the purpose of clarifying or declaring the intention of the Legislature, nor to explain the express language of the act; but only for the purpose of setting forth the reasons for the suspension of the constitutional rule requiring the bill to be read on three separate days, and for putting into immediate effect such act, whatever be its scope and terms.

[5] Nor do we think applicable here the rule laid down in 2 R. C. L. § 73, p. 100. That rule of construction relates to the methods of procedure in perfecting appeals, and not to the right of appeal. It has always been the policy of the courts to construe such statutes liberally.

But even if the amendment in question was intended to be remedial, it is, nevertheless, an exception to the general statute authorizing appeals from final judgments only, and must be construed as such. If the Leg-

islature had meant to authorize an appeal from orders other than those "granting motions for new trials," it could easily have said so. Not having done so, we must conclude that no such appeals were intended to be authorized.

We considered all these matters and the authorities cited by appellant in passing on this case originally, but did not deem it necessary to discuss them. We have seen fit to add this, however, because of appellant's motion. The motion is overruled.

Overruled.