## BUSBY v. SCHRANK. (No. 5412.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 10. 1915. Rehearing Denied March 10, 1915.)

1. JUDGMENT ☞217 — FINALITY — "FINAL JUDGMENT."

A judgment to be "final" must dispose of all the parties and issues in the suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 394; Dec. Dig. ☞217.

For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. EXECUTION ☞6—FINALITY OF JUDGMENT —DISPOSITION OF PARTIES.

Where two persons are joined as parties in an action on a contract and on the answer of one he denies that he was a party to the contract, a judgment against the other alone is not a final judgment so as to authorize an execution; the court's instructions referring to defendant and defendants, and both defendants joining in a motion for new trial.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 5, 6; Dec. Dig. ☞6.]

Appeal from Hidalgo County Court; W. H. Gossage, Judge.

Action by John Schrank against J. J. Busby. From a judgment for plaintiff, defendant appeals. Affirmed.

John P. Gause, of Mercedes, and Alex C. Bullitt, of San Antonio, for appellant. Graham, Jones, West & Dancy, and J. C. George, all of Brownsville, for appellee.

CARL, J. Appellee, John Schrank, instituted this suit in the county court of Hidalgo county to enjoin the issuance of an execution and levy thereunder, based on a certain judgment of the county court of that county in favor of Busby against Schrank; it being claimed that said original judgment was not a final judgment because it did not dispose of H. W. Rose, one of the defendants. In that suit appellant sued H. W. Rose and John Schrank on a certain grubbing contract and alleged that he made the contract with the defendants. The petition was sworn to; and the defendants Rose and Schrank, in a sworn joint answer, alleged:

"That the only contract of any kind or nature ever entered into between this plaintiff and the defendants, or either of them, was a certain contract in writing entered into and dated the 31st day of May, 1913, and duly signed by the defendant, John Schrank, and the plaintiff."

In a sworn replication to this answer J. J. Busby says:

"He (Busby) admits that the contract sued on is in writing of the same day and date set out therein, but denies that there ever was any modification to said contract."

This entire replication refers to "the defendant," using the singular number, and also sets out that Rose was the agent of Schrank and made the contract for the clearing and pointed out to plaintiff what he wanted cleared. It is further pleaded that Schrank, through Rose, his said agent, paid the appellant for part of the clearing done, but which, it is alleged, Rose afterwards claimed was not on the land of Schrank.

In this condition of the pleading, Rose seems to have been treated as having been dismissed from the suit, not only by the parties, but by the court, in a part of the charges and in the judgment. Schrank alleges in a cross-action that Busby has damaged him in the sum of $500 by failure to comply with the contract or by reason of the breach thereof.

There is no doubt that a judgment must dispose of all the parties and issues in the suit. It will be noted that the defendant Rose filed an answer with Schrank, by the same attorney, and, while Busby in his supplemental petition practically admits that the suit is against Schrank, he does not dismiss as to Rose. The court charged the jury on the theory that both Rose and Schrank were defendants, for a part of the charge reads as follows:

"If you find that any land in excess of the land covered by the written contract was pointed out by defendants or either of them or for either of them to plaintiff as being land which plaintiff was to clear under the contract, then defendants would be liable for the contract

price of such clearing regardless of the written contract; but, if you find that plaintiff by mistake or carelessness or neglect or failure on his own part did clear any land not contemplated in the contract, he could not recover from the defendants."

In some places in the charge the word "defendant" is used in the singular number, but Rose and Schrank both joined in and filed a motion for a new trial. The verdict of the jury does not appear in these proceedings, but the judgment of the court, in part, reads:

" * * * And thereupon came a jury of good and lawful men, who being duly impaneled and sworn upon their oaths do say that they find for the plaintiff and assess his damages at the sum of $824.50."

Nowhere in the judgment is Rose mentioned; neither is the cross-action of Schrank for $500 damages mentioned.

In our former opinion, we held to the view that Rose had been eliminated by the pleadings, at any rate to such an extent as to show that he was merely a formal party. Our attention was not then directed to the fact that he had joined in the motion for a new trial, nor to that part of the court's charge above quoted.

[1, 2] Since Rose was a party to the suit in cause No. 430 in the county court of Hidalgo county, and no disposition whatever was made of him as such party, although the court's attention was directed to that fact by his joining in the motion for new trial, that judgment was not a "final judgment" because it did not dispose of all the parties.

This being true, our former opinion is hereby withdrawn, wherein we reversed and rendered judgment, and the judgment of the trial court is in all things affirmed.