## PHŒBUS et ux. v. CONNELLEE.
### (No. 9628.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 24, 1921.)

**1. Appeal and error ⊜⟿78(6)—Order of mistrial for failure to answer special questions not appealable.**

An order entered by trial court after trial before jury in which special issues were submitted, some of which were answered by the jury, others of which the jury could not agree on, which order declared a mistrial and set the case for another trial, is not a final judgment, and is not appealable.

**2. Appeal and error ⊜⟿974(1)—Trial ⊜⟿356 (1)—Whether special verdict authorizes any judgment is within discretion of trial judge.**

Where the jury answered some questions submitted to them, but failed to agree on others, the question whether the answers made were sufficient to enable the court to render any judgment is within the trial court's discretion, and cannot be reviewed in the absence of abuse of that discretion.

**3. Appeal and error ⊜⟿71(3)—Orders as to temporary injunction are appealable.**

The Court of Appeals has jurisdiction under Rev. St. art. 4644, to entertain appeals from orders granting, refusing, or dissolving a temporary injunction.

---

**4. Injunction ⬅⬆148(1) — Bond required for temporary injunction.**

The provision of Rev. St. art. 4654, that, before a temporary injunction shall issue, the complainant shall give bond, is mandatory.

**5. Injunction ⬅⬆148(2) — Temporary injunction bond of $6,000 held not excessive.**

The requirement of bond of $6,000 as a condition to the issuance of temporary injunction to restrain the eviction of plaintiff from premises alleged to be worth $35,000, the rental value of which in excess of the amount which plaintiff agreed to pay for premises was greater than the amount of the bond, is not excessive.

Appeal from District court, Eastland County; E. A. Hill, Judge.

Suit by W. L. Phœbus and wife against C. U. Connellee. From an order entered after trial in which the jury answered certain interrogatories, but failed to agree on others, declaring a mistrial, but granting a temporary injunction against defendant on condition of plaintiffs giving bond, plaintiffs appeal. Affirmed.

Shepherd & Kelly, of Eastland, for appellants.

Sayles & Sayles, of Abilene, and Burkett, Anderson & Orr, of Eastland, for appellee.

CONNER, C. J. This suit was originally instituted by the appellants, W. L. Phœbus and wife, against the appellee, C. U. Connellee, alleging that they were in possession of a certain piece of property in Eastland, Tex., described as a two-story brick building, by virtue of a written lease contract executed by appellee for a term of three years from the 1st day of March, 1919; that the plaintiffs, as we shall hereafter designate appellants, had in all things complied with the terms of the contract, and that defendant was wrongfuly attempting to evict them from the premises, and they prayed for a temporary writ of injunction to prevent the eviction. The application for the writ came on for hearing before a district judge of Eastland county, who sustained a general demurrer to the petition and entered an order denying the application for the writ upon the ground of the insufficiency of the petition. From this order the plaintiffs appealed to this court. The appeal came on for hearing before us, and we, on the 10th day of April, 1920, held that the judge below erred in denying the application for the writ on the sole ground of insufficiency of the allegations in the application therefor, and remanded the cause for a hearing and determination of the matters alleged in the application for the writ, at the same time ordering the issuance of a restraining order from this court enjoining the defendant, Connellee, from his threatened eviction until a hearing

upon the application for the writ could be had, all of which will more fully appear by reference to the case of Phœbus et ux. v. Connellee, 223 S. W. 1019.

After the case had been remanded, as stated, it came on for trial before the district court upon plaintiffs' amended original petition, setting up a right to the possession of the premises under the written contract, and praying for its specific performance and for the issuance of a temporary writ of injunction restraining the defendant from interfering with the plaintiffs' possession until a final hearing, and that the injunction be made perpetual thereafter. The trial was before a jury upon special issues. The jury, after considering the cause for some time, returned answers to some of the special issues submitted, but were unable to agree as to others, and the court discharged the jury and entered the following judgment, omitting formal parts:

"On this 23d day of October, 1920, came on to be heard and considered by the court the motion of the plaintiffs that judgment be entered in their behalf in all things as prayed for, in their first amended petition filed herein, upon the findings of the jury as returned into this court on the 29th day of September, 1920, and the court, having heard and considered said motion, finds that judgment cannot be entered upon the findings of the jury as prayed for by the plaintiffs.

"It is therefore ordered, adjudged, and decreed that the plaintiffs' motion for judgment be overruled, and that the findings of the jury be set aside and a mistrial entered, to all of which the plaintiffs excepted.

"And at the same time on this the 16th day of October, 1920, the court took under consideration the application and petition of the plaintiffs for a temporary injunction, and the court, having considered the evidence introduced upon the trial of this cause in this court on the 27th and 28th days of September, 1920, and the pleadings of the parties in determining the right of plaintiffs to a temporary injunction, finds that the plaintiffs are entitled to such relief.

"It is therefore ordered, adjudged, and decreed that a temporary writ of injunction issue, as provided for by law, and as prayed for by plaintiffs, restraining the defendant, C. U. Connellee, from interfering with plaintiffs, W. L. Phœbus and Mrs. W. L. Phœbus, in any manner in their occupation, possession, use, and enjoyment of the premises in controversy, described in plaintiffs' petition and in defendant's answer, until judgment upon the final trial of this cause as rendered, upon their giving bond conditioned as required by law in the sum of $6,000.

"It is further ordered that the bond above required be approved and filed as provided for by law at any time before 10 o'clock a. m. Saturday, October 23, 1920. And in the event such bond is not filed within such time then plaintiffs' petition for temporary restraining order shall be and is hereby in all things refused and disallowed."

⬅⬆For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] We are of the opinion that appellants have misapprehended the effect of the proceeding below. Their assignments of error, nine in number, are all directed to proceedings which relate alone to the merits of the cause, such as that the court erred in overruling their motion for judgment upon the pleadings, evidence, and findings of the jury, and in submitting certain specified, special issues to the jury. No assignment of error complains of the action of the court in granting the temporary injunction as specified in the judgment quoted, nor do we find any complaint of the conditions upon which such temporary writ was authorized. In this condition of the case we see nothing to do but affirm the judgment. It is clear that upon the merits of the controversy there is no final judgment, and it is only from final judgments, with certain exceptions not relating to the merits in this case, that we have jurisdiction on appeal. See Simpson v. Bennett, 42 Tex. 241; G., C. & S. F. Ry. Co. v. F. W. & N. O. Ry. Co., 68 Tex. 9, 2 S. W. 199, 3 S. W. 564; Land & Loan Co. v. Winter, 93 Tex. 560, 57 S. W. 39.

[2] Upon the incoming of the verdict the question of whether the answers of the jury, together with the undisputed evidence, or evidence upon which the court was willing to act, required or authorized a judgment in favor of or against either litigant, was a question evidently addressed to the sound discretion of the court, and the court's action in this case in refusing to enter a judgment for either party and declaring a mistrial and again setting the cause down for a trial upon the merits cannot be reviewed by us on this appeal. No complaint of an abuse of discretion is made, nor does it so appear from the record as might possibly be shown upon a hearing of a proper application for a writ of mandamus to compel a judgment upon the findings and evidence.

[3, 4] We have jurisdiction, however, to entertain appeals from orders granting, refusing, or dissolving a temporary injunction. Rev. Stats. art. 4644. We therefore may properly entertain jurisdiction to review the judgment below in so far as it relates to the issuance of temporary injunction. But it does not appear that any complaint is made of the judgment below in this respect, and no error in this respect is apparent upon the face of the proceedings. The prayer of appellants for a temporary injunction restraining the defendant from the threatened eviction was granted upon their giving bond in the amounts specified by the court. Article 4654, Rev. Statutes, is to the effect that before the issuance of the writ of injunction:

"The complainant shall execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by such clerk, in such sum as may be affixed in the order of the judge granting the writ, conditioned that the complainant will abide the decision which may be made therein, and that he will pay all sums of money and costs that may be adjudged against him, if the injunction be dissolved in whole or in part. If the state be complainant in any petition for injunction, no bond shall be required."

[5] This court has held that this statute is mandatory. No complaint by assignment of error or proposition in appellants' brief is here made that the bond required in the judgment before us is excessive, nor would it seem to be so from the evidence, it appearing that the excess in the rental value of the premises, above the rentals contracted to be paid as appellants contend, is largely greater than the amount of the bond as required by the order of the court. It further appears that plaintiffs in all probability would be unable to respond in damages in an adequate amount should appellee finally succeed, and that appellee's threatened eviction consists of an application for a writ of sequestration, alleging the value of the premises to be $35,000, and tendering a solvent bond in the sum of $70,000. This would undoubtedly secure appellants in the payment of all damages they may be able to establish in the event it should ultimately be determined that they were wrongfully evicted.

We conclude that the judgment below must be affirmed; and it will be so ordered.

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes