**CORTIMEGLIA et al. v. HERRON. (No. 304.)***

(Court of Civil Appeals of Texas. Waco. Dec. 17, 1925. Rehearing Denied Jan. 21, 1926.)

1. **Judgment ⬒213—New trial ⬒73—Both parties may present motions for judgment on findings in case submitted on special issues, and losing party, after rendition of judgment, may present motion for new trial.**

Where case is submitted on special issues, both sides may present motions for judgment on findings of jury, and, after motions are acted upon by court, and judgment rendered, losing party may present motion for new trial.

2. **Judgment ⬒213—New trial ⬒¹/₂—Motion for judgment on special findings and motion for new trial held different.**

Motion for judgment on special findings and motion for new trial are different as to contents and relief sought, the former seeking judgment, and the latter a new trial.

3. **New trial ⬒¹/₂—Granting of motion for new trial contemplates tried case and judgment rendered, whereas mistrial presupposes that proper judgment could not be rendered.**

Granting of motion for new trial contemplates tried case, judgment rendered, and new trial granted, after setting aside judgment, whereas declaring mistrial presupposes irregularity, preventing proper judgment being rendered.

4. **Appeal and error ⬒110—Declaring mistrial does not come within statute allowing appeals from orders granting motion for new trial (Acts 39th Leg. [1925] c. 18; Rev. St. 1925, art. 2249).**

Order refusing to enter judgment for either party on ground that findings of jury were conflicting and declaring a mistrial does not come within Acts 39th Leg. (1925) c. 18; Rev. St. 1925, art. 2249, providing for appeal from order granting motion for new trial, which contemplates rendition of judgment and granting of motion for new trial by losing party.

Appeal from District Court, Brazos County; W. C. Davis, Judge.

Suit by Mrs. Zula B. Herron against Lee Cortimeglia and another. From the trial court's declaration of a mistrial, defendants appeal. On appellee's motion to dismiss appeal. Appeal dismissed.

W. W. Searcy, of Brenham, and W. M. Hilliard, of Caldwell, for appellants.

F. L. Henderson and Armstrong & Armstrong, all of Bryan, for appellee.

STANFORD, J. On or about July 18, 1908, appellee, Zula B. Herron, joined by her husband, J. H. Herron, now deceased, conveyed to appellant, Lee Cortimeglia, a tract of land, and took in part payment therefor 12 vendor lien notes, falling due one each year; the last one falling due January 1, 1920. A part of these notes were paid, and others were twice duly extended by proper recorded written extensions; there being, under the last written extension, six notes falling due one each year on November 15th, the first falling due November 15, 1924, and one on the 15th of each November thereafter, the last one falling due November 15, 1930. All of said notes contained the accelerated maturity clause, and said extensions were duly signed and acknowledged by appellant, Lee Cortimeglia. On December 29, 1909, appellant Lee Cortimeglia sold and conveyed to his brother, Tony Cortimeglia, 50 acres of the land so purchased by Lee Cortimeglia from appellee, Mrs. Herron.

Appellant Lee Cortimeglia having made default in the payment of the vendor's lien note falling due November 15, 1924, appellee declared all of said notes due, and brought suit against Lee Cortimeglia for the amount due on said notes, and to foreclose the vendor's lien on all of said land, and made Tony Cortimeglia a party; alleging he was claiming some interest in said land. Lee Cortimeglia answered by a general demurrer and a general denial. Tony Cortimeglia answered, alleging, in substance, that appellee, at the time he bought said 50 acres, agreed to release said 50 acres from her vendor's lien, and he also pleaded the 5 and 10 years statutes of limitation as to said 50 acres. The court submitted the case on special issues, and the jury found as follows:

(1) That Mrs. Herron, in conveying the land described in plaintiff's petition to Lee Cortimeglia, did retain a vendor's lien to secure the payment of the purchase money.

(2) That Mrs. Herron now has a valid and subsisting lien against said land for the payment of the balance of the purchase money.

(3) That Mrs. Herron did not make and enter into an agreement with Lee Cortimeglia to release from the vendor's lien the 50 acres of land described in the defendant Tony Cortimeglia's answer upon the payment to her by said Lee Cortimeglia of the purchase money recited in the deed of conveyance from Lee Cortimeglia to Tony Cortimeglia.

(6) That Tony Cortimeglia did repudiate the vendor's lien and superior title held by the plaintiff in said 50 acres of land.

(7) That the said Tony Cortimeglia so repudiated said lien and superior title to said land in plaintiff when his deed was recorded December 31, 1909.

(8) That defendant Tony Cortimeglia has been in the actual, peaceable, and adverse possession of said 50 acres of land under title or color of title, using and enjoying the same during a continuous period of 5 years from the date of said repudiation to the institution of this suit.

(9) That the defendant has been in the actual, peaceable, and adverse possession of

said 50 acres of land, using and enjoying the same, during a continuous period of 10 years from the date of said repudiation to the institution of this suit.

Both appellants and appellee filed motions to enter judgment in their favor on said findings of the jury. The court concluded said findings were contradictory, refused to enter judgment for either side, and declared a mistrial, from which action of the court appellants prosecute this appeal.

Opinion.

Appellee presents a motion to dismiss this appeal because unauthorized by any law of this state. Appellants contend they have the right to maintain this appeal under the provisions of the Acts of the Thirty-Ninth Legislature, chapter 18, page 45, General Laws of 1925; same now being a part of article 2249, Revised Statutes of 1925. The record does not disclose the date when either of the motions was filed, but does disclose that on June 19, 1925, the court heard both of said motions, and overruled both, refusing to enter judgment for either party on the ground that the findings of the jury were conflicting, and declared a mistrial. The act of the Legislature relied upon by appellants to authorize their appeal became effective June 17, 1925, so said act was in effect at the time the court entered his order refusing to enter judgment for either party and declaring a mistrial, and so the only question involved in this motion is, Does this action of the court come within the purview of said act providing that "an appeal may be taken to the Court of Civil Appeals from every order of any district or county court in civil cases, granting motions for new trial?" etc.

[1-4] In most jurisdictions, where provision is made for submission of special issues to the jury in lieu of a general charge, it is permissible and proper, after a jury returns their special findings, for both sides to present motions for judgment on the findings of the jury, and, after said motions have been acted upon by the court and judgment rendered, then for the losing party to present his motion for a new trial. Such is the practice in this state. 29 Cyc. 726; A., T. & S. F. Ry. Co. v. Holland, 49 P. 71, 58 Kan. 317; Davis v. Turner, 68 N. E. 819, 69 Ohio St. 101. A motion for judgment on special findings and a motion for new trial are altogether different as to their contents and as to the relief sought. The one seeks a judgment; the other a new trial. There is also a marked difference between a court granting a motion for a new trial and declaring a mistrial. 27 Cyc. p. 809. The former contemplates that a case has been tried, a judgment rendered, and on motion therefor said judgment set aside and a new trial granted. The latter results where, before a trial is completed and judgment rendered, the trial court concludes there is some error or irregularity that prevents a proper judgment being rendered, in which event he may declare a mistrial. The statute involved here provides for an appeal from an order granting a motion for a new trial, and evidently contemplates the rendition of a judgment, the filing of a motion by the losing party for a new trial, and the granting of said motion by the court. No judgment was rendered here, no motion for new trial filed, and no motion for new trial granted, and, in fact, no new trial was granted, but the court entered a mistrial, because, as he concluded, he could not enter a valid judgment. We do not think this is such an order as will, under said statute, support an appeal to this court. Appellee's motion to dismiss appellants' appeal is hereby sustained and the appeal dismissed.