## GENERAL ACCIDENT FIRE & LIFE ASSUR. CO v. LOONEY et al. (No. 220.)

(Court of Civil Appeals of Texas. Eastland. June 4, 1926.)

Appeal and error ☞123—Appeal from order declaring mistrial and refusing to enter judgment on special verdict for conflicts in answers will not lie, where court did not render judgment (Rev. St. 1925, art. 2249).

Under Rev. St. 1925, art. 2249, appeal from order declaring a mistrial and refusing to enter judgment on special verdict because of conflict in answers of jury to special issues will not lie, where court did not render judgment, but granted a new trial.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by the General Accident Fire & Life Assurance Company against Huitt Looney and others to set aside an award of the Industrial Accident Board. From an order of the district court declaring a mistrial and refusing to enter judgment on a special verdict, plaintiff appeals. Appeal dismissed.

Chamberlain, Green & Wade, of Dallas, for appellant.

Will R. Saunders, of Breckenridge, for appellees.

PANNILL, C. J. The object of the suit is to set aside an award of the Industrial Accident Board. The appeal is from an order of the district court declaring a mistrial and refusing to enter judgment on a special verdict. The special issues and answers material are:

"Did the injuries received by Huit Looney on or about the 10th day of November of 1924 result in total incapacity to perform labor? Answer: No.

"Has Huit Looney been totally incapacitated since November 10, 1924, as the result of the injuries received by him on that date? Answer: No.

"How long was Huit Looney incapacitated for labor as the result of the injuries received on November 10, 1924? Answer: Until went back to work for Tex. Carbon Ind. after injury of November 10, 1924.

"After Huit Looney's disability to perform labor ceased, if it did, was he partially incapacitated to perform labor as a result of the injuries received on November 10, 1924? Answer: Yes.

"What per cent. of partial incapacity to perform labor did Huit Looney suffer of the injuries received by him on November 10, 1924? Answer: 75 per cent."

The plaintiff moved for judgment, which motion was denied and a mistrial declared, on account of conflicts and inconsistencies in the answer to the special issues copied above. Thereafter, and on the same day, a motion for a new trial was filed by the defendant. This motion was granted on the ground as stated in the court's order that judgment could not be entered on the verdict because the answers were conflicting.

The defendant moves to dismiss the appeal. It will be noticed that the court did not at any time render judgment on this verdict. The conclusion has been reached that the motion must be sustained on the authority of M., K. & T. R. R. Co. v. Thomason (Tex. Civ. App.) 280 S. W. 325. The effect of that case is that under article 2249, Rev. St. 1925, an appeal from an order granting a new trial lies only when the court renders a judgment on the verdict and subsequently grants a motion of one of the parties to set the judgment aside. To the same effect is Cortimeglia v. Herron (Tex. Civ. App.) 281 S. W. 305, not yet [officially] published.

The appeal will be dismissed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes