FULWILER v. COMMERCIAL CREDIT CO., Inc. (No. 474.)

Court of Civil Appeals of Texas. Eastland. Sept. 28, 1928.

Robert E. Bowers, of Breckenridge, for plaintiff in error.

Frank S. Roberts, of Breckenridge, for defendant in error.

HICKMAN, C. J. Since we have determined that this proceeding must be dismissed for want of a final judgment in the court below, we shall make only such statement of the nature of the proceedings as is necessary to throw light upon that particular question. The transcript discloses that, on November 13, 1925, the defendant in error, who was plaintiff below, and who will be so designated in this opinion, filed suit in the county court at law, No. 2, Dallas county, against D. L. Hickey, a resident of Eastland county, and H. D. Fulwiler, a resident of Stephens county, on a promissory note executed by Hickey to Fulwiler, and to foreclose a chattel mortgage on a certain automobile given by Hickey to Fulwiler as security for said note. The plaintiff alleged its ownership by transfer and delivery of the note and chattel mortgage. Judgment was sought against Hickey for the principal, interest, and attorneys' fees on the note, and against Hickey and Fulwiler for

the possession of the automobile, for all costs of suit, and for a foreclosure of the chattel mortgage lien. Judgment was sought against Fulwiler individually for $200 damages for withholding possession of the automobile. On January 29, 1926, the defendant Fulwiler filed in said court a plea of privilege in statutory form to be sued in Stephens county.

On March 25, 1926, plaintiff filed its controverting plea to Fulwiler's plea of privilege, and, by order of the court, the hearing on the plea of privilege and controverting affidavit was set for April 10, 1926. On the 6th day of April, 1926, an interlocutory judgment by default was taken in the Dallas county court against the defendant Hickey. This interlocutory judgment recited that the defendant Fulwiler had filed a plea of privilege in the cause, which had been controverted, and continued the case as to Fulwiler, pending a determination of the plea of privilege. On May 20, 1926, the plea of privilege was sustained, the order sustaining the same being entered as of May 7, 1926. This order directed the clerk of Dallas county to make up a transcript of all the orders made in the cause by the Dallas court and transmit the same, together with the original papers, to the clerk of the county court of Stephens county. In obedience to this order, the case was filed in Stephens county on May 11, 1927. Thereafter, on September 12, 1927, the defendant Fulwiler answered by general demurrer and general denial. On October 25, 1927, the plaintiff filed a pleading in the county court of Stephens county, described by it as "plaintiff's first supplemental petition," in which pleading judgment was sought as in the original petition and also against Fulwiler and the sureties on a replevy bond for the value of the use of the car from the date of replevy, and in the alternative against the defendant Fulwiler for the value of the car at the time of its unlawful conversion.

Upon these pleadings the case went to trial, and on the 25th day of October, 1927, judgment was rendered in favor of plaintiff against Fulwiler and T. Edgar Johnson and Floyd Jones, sureties on his replevy bond, jointly and severally, for the sum of $325. This case is brought to this court by Fulwiler on writ of error proceedings.

No character of judgment was rendered against or in favor of the defendant Hickey in the Stephens county court. Even if the Dallas county court had authority to render the interlocutory judgment against Hickey pending the hearing on the plea of privilege filed by Fulwiler, a question which it is unnecessary for us to determine, still the judgment rendered by said court against Hickey was not and did not purport to be in any sense a final judgment. It was interlocutory only, and has never been made final. The judgment of the Stephens county court, a re-

view of which is here sought, makes no disposition of the issues as to Hickey, and does not undertake to make final the interlocutory judgment theretofore rendered in the cause in Dallas county.

A judgment, to be final, must dispose of all the material issues between all the parties to the suit. Oilmen's Reciprocal Ass'n v. Coe (Tex. Civ. App.) 6 S.W.(2d) 1046. In the instant case the record discloses that there is no final judgment against the defendant Hickey. Lacking finality in that particular, it is not a final judgment as against any party to the suit, for there can be but one final judgment in a cause. R. S. art. 2211.

It is insisted by defendant in error that its so-called supplemental petition, filed in Stephens county, was in fact an amended petition, and that the judgment disposes of all issues raised and parties named in that pleading. We cannot adopt this view of the pleading. While it does not fill the office of a supplemental petition, neither is it sufficient to perform the functions of an amended petition. It refers to the original petition, and is incomplete within itself without reading into it many of the allegations thereof. Its prayer contains this language: "Wherefore plaintiff prays as in his original petition." The issues against Hickey, the principal defendant, have never been finally determined, but are still pending in the court below.

There is therefore no final judgment in the case, and the writ of error proceeding will be dismissed.