### NATIONAL RADIO EXCHANGE, Inc., v. CALHOUN et al.

No. 12712.

Court of Civil Appeals of Texas. Fort Worth.

June 25, 1932.

Rehearing Denied Sept. 24, 1932.

Clay Cooke, of Fort Worth, for appellant.

V. R. Parker, of Fort Worth, for appellees.

DUNKLIN, J.

The National Radio Exchange instituted suit in the justice court against T. G. Calhoun to recover title and possession of a certain "Brunswicke panatrope radio combina-

tion" of the alleged value of $150. The machine was sequestered by the plaintiff on a statutory bond payable to the defendant Calhoun in the sum of $200, executed by the plaintiff and Clay Cooke and Carl H. Mueller as sureties. Thereafter the defendant Calhoun answered the plaintiff's suit, and in addition thereto filed a cross-action to recover title to the machine and also for judgment against the plaintiff and the sureties on the sequestration bond for alleged wrongful issuance of the writ of sequestration.

Judgment was rendered in the justice court denying plaintiff a recovery and decreeing title to the machine in the defendant Calhoun, and in the alternative awarding judgment against plaintiff and the sureties on its sequestration bond in the sum of $100, found to be the value of the machine. From that judgment plaintiff National Radio Exchange prosecuted an appeal to the county court at law No. 1. In that court the plaintiff filed written pleadings in which it sought to recover title to the machine.

In reply to that pleading Calhoun filed a cross-action in writing to recover title to the machine and also prayed for judgment against the plaintiff National Radio Exchange and Clay Cooke and Carl H. Mueller, sureties on the sequestration bond filed in the justice court for the value of the use of the machine, possession of which had been taken by the National Radio Exchange under the writ of sequestration issued in the justice court, and which possession had continued up to the time of the trial. And in that cross-action it was further alleged that "plaintiff's acts in issuing and causing to be issued the writ of sequestration and taking of the property from the defendant's possession was. done illegally, wilfully and with malice towards the defendant"; that the reasonable and fair value of the use of the machine during the time possession thereof had been held by the plaintiff was $5 per month, and that plaintiff had been damaged to that extent.

In the county court the case was tried before a jury, who returned findings on special issues. The effect of those findings was that plaintiff had no title to the machine, but that title thereto was vested in defendant Calhoun, but that he had suffered no damage by reason of the sequestration of the machine by the National Radio Exchange.

Upon that verdict the court rendered judgment denying plaintiff a recovery and awarding to defendant Calhoun a recovery against the plaintiff of title to the machine and in the alternative for a personal judgment against the plaintiff for the sum of $100, found to be the value of the machine in the event the plaintiff should fail to deliver the machine to the defendant Calhoun. There was a further award of judicial process necessary to carry out the terms of that judgment.

However, the judgment failed to make any disposition of the cross-action asserted against the National Radio Exchange and Clay Cooke and Carl H. Mueller for the value of the use of the machine while possession thereof was held by the plaintiff under and by virtue of the levy of sequestration writ. Indeed, the judgment omitted any reference whatever to the cross-action and also the names of the sureties.

After that judgment was rendered, the National Radio Exchange filed a motion in the county court praying that the case be again set down for trial because the judgment theretofore rendered was not a final judgment, in that it made no disposition of the cross-action in the respects above noted. That motion was overruled, and the National Radio Exchange gave notice of appeal to the Court of Civil Appeals, and filed a supersedeas bond, but later abandoned the appeal.

The present suit was instituted in the district court of Tarrant county by the National Radio Exchange against T. G. Calhoun, V. R. Parker, his attorney, the county clerk, and the sheriff of Tarrant county, to enjoin the issuance and levy of an execution to collect the judgment theretofore rendered in the county court against the National Radio Exchange in favor of T. G. Calhoun, on the ground that that judgment was not a final judgment. The application for the writ of injunction was denied by the district judge, and from that order the National Radio Exchange has prosecuted this appeal.

If the judgment rendered in the county court was not a final judgment, then the application for the writ of injunction should have been granted, since that was the only remedy afforded the National Radio Exchange after its unsuccessful attempt in the county court to have the case again set down for trial. Texas Co. v. Beddingfield, 53 Tex. Civ. App. 10, 114 S. W. 894; Busby v. Schrank (Tex. Civ. App.) 174 S. W. 295.

The only question to be determined here is whether or not the judgment of the county court was a final judgment. There can be but one final judgment. Article 2211, Rev. Civ. Statutes. We quote as follows from Fitzgerald v. Evans & Huffman, 53 Tex. 461: "A final judgment should contain: 1. The facts judicially ascertained, with the manner of ascertaining them entered of record. 2. The recorded declaration of the court, pronouncing the legal consequences of the facts thus judicially ascertained"—citing many former decisions of our Supreme Court.

■ And a judgment is not final from which an appeal can be taken, unless the whole of the matter in controversy as to all of the parties is disposed of. Masterson v. Williams (Tex. Sup.) 11 S. W. 531; Liliensterne v. Lewis (Tex. Sup.) 12 S. W. 750; Bradford v.

Taylor, 64 Tex. 169; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; 3 Tex. Jur. p. 118 et seq.

We have reached the conclusion that, since the judgment did not dispose of the cross-action asserted by Calhoun against the National Radio Exchange and Clay Cooke and Carl H. Mueller, sureties on the sequestration bond, it was not final. Many authorities might be cited to support this conclusion, such as: Gathings v. Robertson (Tex. Com. App.) 276 S. W. 218; Nalle v. Harrell (Tex. Com. App.) 12 S.W.(2d) 550; Com. Nat. Gas. Co. v. Henley (Tex. Civ. App.) 11 S.W.(2d) 206; Fulwiler v. Com. Cr. Co. (Tex. Civ. App.) 9 S.W. (2d) 754; Oilmen's Reciprocal Ass'n v. Coe (Tex. Civ. App.) 6 S.W.(2d) 1046; Kosse Nat'l Bank v. Derden (Tex. Civ. App.) 36 S.W.(2d) 295; Erwin v. Griffin (Tex. Civ. App.) 24 S. W.(2d) 78; Holley v. Duke, 43 Tex. Civ. App. 529, 96 S. W. 1090.

Many decisions are cited by appellee in which it has been held that judgments in favor of the plaintiffs were final judgments, even though the defendants' cross-actions were not specifically adjudicated, because it appeared that the judgments for the plaintiffs necessarily implied a denial of the cross-actions, which is not true of the judgment involved in the present suit. In Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161, and other decisions cited in 3 Tex. Jur. pp. 118–123, the distinction between the two classes of cases is pointed out and discussed. In some of the cases cited by appellee, it appeared that the cross-actions which were not specifically disposed of were abandoned before or during the trial, or else were rejected by the trial court during the trial.

For the reasons noted, we have concluded that the judgment of the trial court denying to appellant equitable relief by way of injunction to restrain the levy of execution to collect the judgment rendered against the appellant in the county court must be reversed for lack of finality in that judgment, and the cause will be remanded to the trial court for further proceedings not inconsistent with the judgment of this court.

## On Motion for Rehearing.

In our original opinion, we failed to note that the motion filed in the county court by the National Radio Exchange praying for a resetting of the case on the alleged ground that the judgment rendered was not a final judgment contained a further prayer that judgment be rendered denying the defendant's cross-action for damages since the jury had returned a special finding that the defendant had not sustained the damages claimed in that cross-action. In 3 Texas Jurisprudence, p. 135, several decisions are cited which hold that an order overruling a motion for judgment on answers to special issues submitted to the jury is not appealable, such as Waggoner v. Gear (Tex. Civ. App.) 249 S. W. 326; General Accident Fire & Life Assurance Co. v. Looney (Tex. Civ. App.) 284 S. W. 720; Phoebus v. Connellee (Tex. Civ. App.) 228 S. W. 982; Cortimeglia v. Herron (Tex. Civ. App.) 281 S. W. 305; Missouri-Kansas-Texas Ry. Co. v. Thomason (Tex. Civ. App.) 280 S. W. 325 (writ of error refused). Those authorities are cited in further support of the conclusions we have reached that the judgment of the county court referred to was not a final judgment, and also to show that the National Radio Exchange had no adequate legal remedy to prevent the execution of the judgment rendered by the county court against it, and that the injunctive relief prayed for was its only available remedy. If the Court of Appeals had acquired jurisdiction by appeal from the judgment of the county court, then, under the statutes and decisions, it is clear that the appellate court could have rendered judgment on the cross-action in favor of the plaintiff based on the verdict of the jury on that issue. However, that power is given only when the Court of Appeals acquires jurisdiction; and, under the record before us, the Court of Appeals could not have acquired jurisdiction even if an appeal had been prosecuted from the county court judgment by the National Radio Exchange, and therefore could not have proceeded to render such judgment as the trial court should have rendered on the cross-action.

The motion for rehearing is overruled.