**CHAMBERS et ux. v. JONES et al.**

**No. 3493.**

Court of Civil Appeals of Texas. El Paso.

Feb. 4, 1937.

Henderson & Copeland, of Houston, for appellants.

Kemper, Hicks & Cramer and Peden, Johnson & Peden, all of Houston, for appellees.

NEALON, Chief Justice.

Appellee Leonard Jones, as administrator of the estate of Percy Jones, deceased, sued Ira Chambers and wife in trespass to try title to a tract of land in Harris county. Appellants filed general demurrer, general denial, and plea of not guilty, and a cross-action against plaintiff, making Wright Land Company a party cross-defendant. In their cross-action, after pleading at considerable length their claims of title, they prayed that plaintiff be divested of legal title and legal title be vested in appellants, that title be quieted in appellants as against both cross-defendants, and that they recover $1,000 damages from appellees for "unlawfully and maliciously clouding their title to said land." In the alternative, appellants prayed for damages in the sum of $3,000.

Both cross-defendants filed general demurrers to appellants' cross-action. The court sustained "the general demurrer" to appellants' cross-action and ordered the same dismissed. From this judgment of dismissal, appellants appeal. No disposition was made of plaintiff's alleged cause of action.

The transcript was filed in the Galveston Court of Civil Appeals May 5, 1936, and in this court June 23, 1936.

December 31, 1936, appellee Jones filed in this court his motion to dismiss the appeal upon the ground that the "orders and decrees" complained of are interlocutory and no final judgment has been entered, since the main suit has been neither tried upon its merits nor dismissed. The order of the district court purports to dispose of the cross-action only.

(1) Appellants insist that the motion should be overruled because it was

not filed within thirty days after the filing of the transcript in the Court of Civil Appeals. The motion challenges the jurisdiction of the court, and, therefore, does not come within the purview of rules 8 and 9. Nunez v. McElroy (Tex.Civ.App.) 184 S.W. 531.

(2) Has this court jurisdiction to review the order of the district court in the present state of the record? Article 2211, Revised Civil Statutes 1925, amended by Acts 1931, c. 77, § 1 (Vernon's Ann. Civ.St. art. 2211), provides that "only one final judgment shall be rendered in any Cause except where it is otherwise specially provided by Law." It is conceded that this cause does not come within any of the statutory exceptions. Only final judgments may be reviewed save in the excepted cases. If the judgment on this cross-action is final, the judgment determining the case alleged in plaintiff's petition, when rendered, will likewise be final; and, in direct contravention of article 2211, as amended, we will have two final judgments in this cause. In the light of the statute, then, we must hold that the order appealed from is interlocutory, and not final within the meaning of article 2211, as amended. This holding is in line with the authorities. Rhyner v. Wood (Tex.Civ.App.) 287 S.W. 690; National Radio Exchange v. Calhoun (Tex.Civ.App.) 52 S.W.(2d) 946, 947; Lindsey v. Hart (Tex.Com.App.) 276 S.W. 199.

The appeal is dismissed.