## CAWLEY v. SECURITY STATE BANK & TRUST CO.

### No. 3341.

Court of Civil Appeals of Texas.
Beaumont.

Dec. 15, 1938.

D. L. Broadus and J. H. Benckenstein, both of Beaumont, for appellant.

Gordon, Lawhon, Sharfstein & Bell, of Beaumont, for appellee.

O'QUINN, Justice.

Appellee sued appellant to recover on a promissory note. Appellant answered by general demurrer, certain special exceptions, general denial, and certain special defenses not deemed necessary to state. He then, by cross-action, alleged four separate and distinct grounds of damages against appellee and prayed for recovery in the sum of $15,000.

Appellee by supplemental petition replied to appellant's said four cross-actions by general demurrer levelled at each of the alleged causes of action. These demurrers were sustained, and appellant refusing to amend, the several cross-actions were dismissed. To this action of the court appellant excepted and gave notice of appeal to the Court of Civil Appeals, and has brought this appeal.

In his brief, in statement of the nature and result of the suit, appellant makes this statement: "The defendant has appealed from the judgment of the trial court sustaining the plaintiff's demurrers to the defendant's cross-actions against the plaintiff —all of which were separate and distinct causes of action in themselves, and in dismissing the same. Such cross-actions, the plaintiff's demurrers thereto, and the action of the trial court, all will be set forth hereinafter."

No judgment was rendered on the plaintiff's original cause of action, but the appeal is wholly based upon and from the judgment sustaining the general demurrers to the several cross-actions. There were four of the cross-actions, separately alleged, and four separate and distinct judgments entered by the court disposing of them. The following is the judgment entered in disposing of the demurrer to the fourth cross-action: "It is therefore accordingly ordered, adjudged and decreed by the court that the plaintiff's general demurrer to the defendant's fourth cross-action, appearing on pages sixteen to eighteen of his second amended original answer, be and the same is hereby in all things sustained and it appearing that defendant declined to amend his fourth cross-action, it is therefore ordered, adjudged and decreed by the court that the defendant's fourth cross-action be and the same is hereby dismissed, and that plaintiff go hence with its costs; to which action of the court defendant in open court duly and timely excepted and gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, sitting at Beaumont."

The orders and judgments on the first, second and third cross-actions are identical as to wording with that of the fourth set out supra, except that reference is made in them to the specific cross-action disposed of.

It is insisted by appellee that we have no jurisdiction to consider the appeal for in that the appeal is from an interlocutory decree, and not from a final judgment. We sustain this contention. No final judgment was entered on plaintiff's original cause of action, but so far as the record here shows, same is still pending on the trial docket. It is certain that no final judgment had been entered on the main case at the time this appeal was taken. Article 2211, R.S.1925, Vernon's Ann.Civ. St. art. 2211, provides that "only one final judgment shall be rendered in any Cause except where it is otherwise specially provided by law". There is no provision for

an appeal from an interlocutory order, such as here. If the judgment on this cross-action is final, the judgment determining the case alleged in plaintiff's petition, when rendered, will likewise be final. So there would be two final judgments in the same case, which would be in direct contravention of Article 2211. Chambers v. Jones, Tex.Civ.App., 101 S.W.2d 836. National Radio Exchange v. Calhoun, Tex. Civ.App., 52 S.W.2d 946.

The appeal is dismissed.