**Mrs. E. S. SCHALKER, Appellant,**

**v.**

**Louis E. SKLAR et al., Appellees.**

**No. 12913.**

Court of Civil Appeals of Texas.

Galveston.

Dec. 8, 1955.

Rehearing Denied Jan. 5, 1956.

Motion to Certify Denied Jan. 12, 1956.

Wm. N. Bonner, Houston, for appellant.

Paul B. Miller, Jr. and J. E. Winfree, Houston, for appellee.

HAMBLEN, Chief Justice.

This suit was filed in the District Court of Harris County by appellee against "John Schalker, also known as Pike Schalker, and wife E. S. Schalker and James L. Davis." seeking judgment jointly and severally against such defendants upon an obligation evidenced by checks alleged to have been issued to appellee by said defendants which were dishonored when presented by appellee to the bank upon which they were drawn.

Of the named defendants, John Schalker alone filed an answer. On September 7, 1954, the District Court rendered an interlocutory default judgment against E. S. Schalker and James L. Davis for the sum of $44,723.75. Execution was issued upon such judgment on February 19, 1955, and returned not executed on March 7, 1955. Mrs. E. S. Schalker thereupon filed a motion to vacate the judgment against her, which motion was overruled by the court on May 9, 1955. This appeal is by Mrs. E. S. Schalker from the order overruling her motion to vacate.

Appellee has filed a motion to dismiss the purported appeal upon the ground that the judgment is not a final appealable judgment. We conclude that we are compelled to sustain such motion to dismiss.

 Except as to those orders from which an appeal is expressly provided for, an appeal or writ of error may be taken to the Court of Civil Appeals only from a final judgment. Article 2249, Vernon's Ann. Tex.Civ.St. We deem it unnecessary to cite authority for the proposition that a judgment which fails to dispose of all parties is not a final judgment. Moran v. Midland Farms Co., Tex.Civ.App., 282 S.W. 608, cited by appellant is not applicable to this present litigation wherein the issues raised by the pleadings are common to all defendants. We see no merit in appellant's contention that she should be permitted to appeal under the socalled "hardship rule," in support of which she cites 2 Am.Jur. 66, and Cleghorn v. Chicago, R. I. & P. Ry. Co., Tex.Civ.App., 228 S.W.2d 967. The judgment here sought to be appealed from was not such a judgment as will support the issuance of execution. 18 Tex.Jur. 571, Sec. 35; Texas Co. v. Beddingfield, 53 Tex.Civ. App. 10, 114 S.W. 894. However, neither the wrongful issuance of the execution, nor the erroneous action of the trial court in refusing to recall the same, leaves the appellant irremedial, as she asserts. Texas Co. v. Beddingfield, supra, is authority for the proposition that injunctive relief is available. Rule 385, Texas Rules of Civil Procedure, expressly allows an appeal from the erroneous denial of such relief.

 We hold that the judgment here sought to be appealed from is not a final appealable judgment because of its failure to dispose of the defendant, John Schalker. Until some final disposition is made of such defendant, jurisdiction rests exclusively in the trial court, and we have no jurisdiction to do other than dismiss this appeal. It is so ordered.

Appeal dismissed.