**TEXAS MEDICAL CENTER, INC., et al., Appellants,**

v.

**Clarence R. BOEHME et al., Appellees.**

No. 17083.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 23, 1978.

Tekell, Book & Matthews, Kenneth L. Tekell, Bean & Manning, Frank Bean, Houston, for appellants.

Talbert, Giessel & Stone, Alice Giessel, Houston, for appellees.

EVANS, Justice.

This is a wrongful death action brought by Clarence R. Boehme against Texas Medical Center, Dover Elevator Company, Hunter-Hayes Eelvator Company and Montgomery Elevator Company. Mr. Boehme seeks actual and punitive damages for the death of his wife who was killed in an elevator accident at the Texas Medical Center.

All defendants filed general denials and Montgomery Elevator Company also filed a motion for summary judgment alleging that the plaintiff's claim was barred by the ten year statute of limitations. Article 5536a, Tex.Rev.Civ.Stat.Ann. After the filing of Montgomery's motion for summary judgment, which was directed solely at the

plaintiff's claim, Dover Elevator Company and Hunter-Hayes Elevator Company filed cross-actions against Montgomery and Texas Medical Center for indemnity and contribution, and Texas Medical Center filed similar cross-actions against Dover, Hunter-Hayes and Montgomery. It is to be noted that Montgomery did not thereafter amend its motion for summary judgment to include the cross-claims asserted against it by the other defendants.

The trial court granted Montgomery's motion for summary judgment, ordering that the plaintiff and *all other defendants* take nothing against Montgomery and severing from the main suit all claims asserted against Montgomery. The plaintiff and the defendants, Texas Medical Center, Dover Elevator Company and Hunter-Hayes Elevator Company, then joined in a motion to set aside the summary judgment, attaching to their motion an affidavit of one of Dover's employees which set forth facts in avoidance of the ten year statute of limitations. After hearing this motion, the trial court entered two orders, one granting the plaintiff's motion to set aside the summary judgment and the other denying the defendants' motion. The defendants, Texas Medical Center, Dover and Hunter-Hayes, have brought this appeal from the trial court's summary judgment that they take nothing by their cross-actions against Montgomery.

■ The trial court's order granting Montgomery's motion for summary judgment effectively severed from the main case all claims asserted against Montgomery, including the cross-claims asserted by Texas Medical Center, Dover and Hunter-Hayes. Had the trial court not thereafter set aside its summary judgment that the plaintiff take nothing against Montgomery, its summary judgment would have been final and appealable. However, since the trial court made no further order of severance when it ordered the plaintiff's claim reinstated against Montgomery, its summary judgment cannot be considered as having disposed of all issues between all parties to the severed action.

"A judgment is appealable only when it disposes of all parties or disposes of some independent severed severable interest, issue or right." *Maxfield v. Dunagan*, 254 S.W.2d 150 (Tex.Civ.App.—Dallas 1952, no writ).

■ In the absence of an order of severance, a party against whom an interlocutory summary judgment has been rendered will have a right of appeal only upon entry of a final judgment disposing of the whole case. *Pan American Petroleum Corp. v. Texas Pacific Coal and Oil Co.*, 159 Tex. 550, 324 S.W.2d 200 (1959).

■ When no disposition is made of the plaintiff's cause of action, a judgment disposing of a defendant's cross-action is interlocutory and not final. *Cawley v. Security State Bank and Trust Co.*, 122 S.W.2d 1089 (Tex.Civ.App.—Beaumont 1938, no writ); *Chambers v. Jones*, 101 S.W.2d 836 (Tex. Civ.App.—El Paso 1937, no writ). Since the summary judgment in the case at bar is not a final judgment as to all parties and issues in the severed action, this court is without jurisdiction to consider the appeal.

The appeal is dismissed for want of jurisdiction.